403 So.2d 931 (1981)
Arthur Frederick GOODE, III, Appellant,
v.
STATE of Florida, Appellee.
No. 59453.
Supreme Court of Florida.
July 9, 1981.
Rehearing Denied October 9, 1981.
*932 W.C. McLain of Smith, Carta & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
We have for review an order denying a motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. Appellant, Arthur Frederick Goode, III, was found guilty of first-degree murder and sentenced to death. This Court affirmed the trial court's judgment and sentence. See Goode v. State, 365 So.2d 381 (Fla. 1978). Appellant, pursuant to Florida Rule of Criminal Procedure 3.850, filed a motion to vacate judgment and sentence alleging several constitutional infirmities in the guilt and sentencing phases of the trial. The trial court denied said motion and a subsequent motion for rehearing filed by appellant. Appellant then filed a notice of appeal to this Court. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant raises seven issues in support of his assertion that the trial court erred in denying his motions. Five of those raised are issues which either could have been or were raised on direct appeal. A motion to vacate judgment and sentence cannot be used as a substitute for an appeal, and where matters raised therein could have been or were raised on direct appeal, denial of the motion is proper. See Meeks v. State, 382 So.2d 673 (Fla. 1980).
Specifically, appellant's arguments that the trial court improperly considered nonstatutory aggravating circumstances, that the court found appellant's mental condition to be a mitigating circumstance but failed to state such in the findings of fact, and that the court applied an incorrect burden of proof in determining aggravating and mitigating circumstances are matters which should have been raised on appeal. Nor, his assertions to the contrary notwithstanding, do we agree that appellant could not have raised the preceding issues on appeal. The record demonstrates that he should have, at the time, been aware of those matters.
Petitioner's arguments regarding the validity of the findings that the murder was heinous, atrocious, and cruel, and that he was competent to stand trial are matters that he actually did raise on appeal to this Court. The trial court's refusal to vacate judgment and sentence was proper as it related to the preceding matters which either could have been or were raised on direct appeal to this Court.
There remain two matters for our consideration. First, appellant asserts that he was denied effective assistance of court-appointed counsel by virtue of the co-counsel relationship which was imposed on him and the failure of his co-counsel to raise an insanity defense. Appellant acknowledges that one who represents himself cannot later complain of his own ineffective self representation, but emphasizes that he is complaining of ineffective assistance by co-counsel. He argues first that conflict and disagreement between his co-counsel and himself prevented a coherent approach to the case, and second, that in light of the serious questions regarding Goode's mental condition, co-counsel should have raised an insanity defense. We, however, do not agree.
*933 Appellant was the architect of his defense at trial. The record demonstrates that he knowingly waived his right to counsel, and was made fully aware of the perils of self-representation. The trial court appointed an attorney for the purpose of giving legal advice when needed, and appellant did not object to the arrangement. Clearly, appellant acted as his own attorney, and we do not believe that he may now complain that his "co-counsel," provided for the purpose of giving him advice upon request, ineffectively "co-represented" him and denied him a fair trial.
Finally we disagree with appellant's assertion that the trial court order denying the motion to vacate was procedurally defective. We have reviewed the record, and are of the opinion that it supports the trial court's determination that appellant is entitled to no relief, which must be shown to justify a dismissal without hearing. As for the trial court's failure to attach to its order a copy of that portion of the files and record conclusively showing that appellant is entitled to no relief, the order refers to specific pages of the record, to which we referred in lieu of an attachment. Any error was harmless, and does not warrant reversal of the trial court's order.
Having considered each of the points raised by appellant, and having found that none warrant reversal of the trial court's order denying post-conviction relief, we hereby affirm said order.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.