410 So.2d 506 (1982)
Arthur F. GOODE, III, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
No. 61693.
Supreme Court of Florida.
February 23, 1982.
*507 Wilbur C. Smith, III, of Smith, Carta, Ringsmuth & Kluttz, Fort Myers, for petitioner.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for consideration a petition for writ of habeas corpus attacking the competency of petitioner Goode's attorney on appeal from his conviction and a motion for stay of execution.
Petitioner's conviction and sentence were affirmed by this Court, Goode v. State, 365 So.2d 381 (Fla. 1978), and his petition for writ of certiorari was denied by the United States Supreme Court. Goode v. Florida, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979).
A motion to vacate judgment and sentence was denied by the trial judge. Upon appeal this order was affirmed. Goode v. State, 403 So.2d 931 (Fla. 1981). Thereafter the Governor issued a warrant ordering petitioner's execution to be held on March 2, 1982. These proceedings resulted.
Petitioner argues that the trial judge committed error in three regards: (1) he sentenced petitioner to death because he believed petitioner might be released on parole and commit further acts of violence in the future, (2) he found petitioner's mental condition to be a mitigating circumstance but failed to recite that finding of fact and thus petitioner was denied effective appellate review in this Court, and (3) the sentencing judge applied the incorrect burden of proof in determining whether evidence established mitigating or aggravating circumstances. He contends that his appellate counsel was ineffective because he failed to raise the issues that the judge improperly considered non-statutory aggravating circumstances, that the sentencing judge failed to recite the finding of a mitigating circumstance which he in fact found, and that the sentencing judge applied an incorrect burden of proof in determining whether the evidence established mitigating or aggravating circumstances.
At trial petitioner insisted upon representing himself, but, nevertheless, the court appointed counsel with whom he could consult during trial. Petitioner admitted his guilt and requested that he be given the death sentence. It was in this light that appellate counsel sought reversal. In our opinion affirming the judgment and sentence we said:
The jury recommended the death sentence despite their being instructed to consider defendant's mental state as a mitigating circumstance.
Even though defendant admits his guilt and even though he expressed a desire to be executed, this Court must, nevertheless, examine the record to be sure that the imposition of the death sentence complies with all of the standards set by the Constitution, the Legislature and the courts. The questions raised by the attorney to assist defendant on appeal have been considered and are without merit.

*508 The request of the defendant to dismiss the appeal is denied. The Legislature has imposed a duty upon this court to examine every case in which the death sentence is imposed. Section 921.141(4), Florida Statutes (1975).
365 So.2d 384.
At the sentencing hearing, attorney Smith, the former attorney for petitioner, argued that petitioner should have been given life imprisonment. In his statement to the court Smith said:
To impose the death penalty on Mr. Goode would be merely a symbolic sentence which might appease the passions of those which are extremely outraged or offended by Mr. Goode's actions, and it certainly might appease the passions of those that have been so severely injured by Mr. Goode's actions, but other than an immediate remedial salving of feelings what good is going to be done by the execution of Arthur Goode?
I think to answer that question the Court would have to ask what good or what benefit can be derived from a life sentence as opposed to the death penalty?
The trial judge made specific findings as to the aggravating and mitigating circumstances before sentencing petitioner "to the penalty of death." After ordering that appropriate appellate proceedings be instituted, the trial judge said:
In closing I want to address myself to Counsel Smith's remarks for just a moment. The question of why should this man be executed for what he has done is a question that the Court has wrestled with for several days and has carefully considered the circumstances, but I have to be able to answer to myself why should I invoke the awesome punishment of death. Could not something be learned from Arthur? Am I not doing as I have seen and heard many do and merely so outraged by the activities that he has done that possibly my reason and judgment are blurred? I believe not.
If organized society is to exist with the compassion and love that we all espouse, there comes a point when we must terminate that, and there are certain cases and certain times when we can no longer help, we can no longer rehabilitate and there are certain people, and Arthur Goode is one of them, that's actions demand that society respond and all we can do is exterminate.
Philosophically I believe that in certain limited instances we should do that. In this particular case that is my opinion, and that is my order, and the only answer I know that will once and for all guarantee society, at least as far as it relates to this man, is that he will never again kill, maim, torture or harm another human being, and as you said in trial, Arthur, maybe I don't know who we blame. God forgive you of those desires or something in your environment that has made you have them, and whoever is to blame is beyond the power of this Court.
You have violated the laws, you have had your trial and I am convinced that the punishment is just and proper, and truthfully, may God have mercy on your soul.
Petitioner argues that his appellate counsel failed to raise as error the consideration by the trial judge that petitioner might commit further acts of violence in the future and that he might be released at some future date. Petitioner relies upon Miller v. State, 373 So.2d 882 (Fla. 1979), where the same trial judge, while imposing a death sentence, made the following statement:
Thus, in weighing the aggravating and mitigating factors, I have to conclude that the aggravating factors are such that the reality of Florida law wherein life imprisonment is not, in fact, life imprisonment; and, in fact, the defendant would be subject to be released into society  In other words, it doesn't mean life imprisonment and there is a substantial chance he could be released into society. And the testimony overwhelmingly establishes that the mental sickness or illness that he suffers from is such that he will never recover from it, it will only be repressed by the use of drugs.

*509 Thus, in light of that fact, in light of the aggravating factors here, I have to conclude the only certain punishment and the only assurance society can receive that this man never again commits to another human being what he did to that lady, is that the ultimate sentence of death be imposed.
If the law in Florida were such that life imprisonment meant the ability to live in a prison environment for the entire, remainder of one's life, I would have the conclusion that there would be sufficient mitigating factors to offset the aggravating factors, and allow him to live in prison.

But since that is not the case, the reality is that life imprisonment does not mean that, I conclude in this case that the aggravating factors heavily outweigh the mitigating factors.
The heinousness of the crime, the way in which it was committed speaks for itself. Now I, as the Judge, must therefore impose the sentence of death and do so. [Emphasis added.]
373 So.2d at 885.
In Miller it is apparent that the likelihood of the defendant committing further acts of violence in the future was considered as an aggravating factor and that, in the absence of the uncertainty of a life sentence, the judge would not have imposed the sentence of death. It is apparent on the face of the sentence that this was a part of the weighing process.
Goode is different. In this case, the trial judge imposed the sentence and, in reply to statements made by attorney Smith, explained why the result of his weighing process was proper. It does not appear that the trial judge committed reversible error, so appellate counsel was not ineffective when he failed to raise this question on appeal.
Also, appellate counsel did not have the benefit of Miller, as this decision was rendered after the decision in Goode. In any event, the record fails to show that the trial judge improperly considered non-statutory aggravating circumstances.
On appeal from the judgment and sentence, appellate counsel argued that the trial judge erred in not finding and weighing the following mitigating circumstances: (1) that Goode committed the capital felony while under the influence of extreme mental and emotional disturbance and (2) that Goode's capacity to appreciate the criminality of his conduct or to conform his conduct to the law was substantially impaired, in view of the psychiatric testimony that such circumstances existed. The record discloses that the above question was raised by appellate counsel, so petitioner's second ground for relief is without merit.
In the appeal from the judgment and sentence, the record discloses that appellate counsel argued that the trial court erred in permitting the prosecutor to state that mitigating circumstances do not have to be proven beyond a reasonable doubt but by a preponderance of the evidence. He also argued that the court may have improperly required evidence in mitigation to be proven by a preponderance of the evidence before considering it in sentencing. Therefore, petitioner's third ground for relief is without merit.
The facts of the present case do not support petitioner's claim. He had effective assistance of counsel during his appeal. Therefore, the petition for writ of habeas corpus is dismissed and the motion for stay of execution is denied.
Motion for Rehearing will not be considered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.