429 So.2d 287 (1983)
Sampson ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
Sampson ARMSTRONG, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, and Charles G. Strickland, Jr., Superintendent, Florida State Prison, Respondents.
No. 61871.
Supreme Court of Florida.
January 20, 1983.
Rehearing Denied April 28, 1983.
*288 Robert Young, Winter Haven, and Peter Buscemi of Paul, Weiss, Rifkind, Wharton & Garrison, Washington, D.C., for appellant and petitioner.
Jim Smith, Atty. Gen. and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee and respondents.
PER CURIAM.
Sampson Armstrong appeals the denial of his motion to vacate, set aside or correct his conviction and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. Armstrong is a prisoner under sentence of death. His convictions and sentences of death were affirmed when he previously appealed them to this Court. Armstrong v. State, 399 So.2d 953 (Fla. 1981). Along with his motion, appellant filed motions for an evidentiary hearing, for a continuance, for appointment and payment of experts, and for discovery. The trial court denied all of appellant's motions. We hold that an evidentiary hearing is not required and affirm the denial of relief. Armstrong has also filed a petition for habeas corpus in which he argues that he was not afforded effective assistance of counsel on his previous appeal of his convictions and sentences, and in which he argues that this Court, in deciding the appeal, fundamentally erred. We find the contentions to be without merit and deny relief.

I. Rule 3.850 Appeal.
With regard to his convictions for robbery and two counts of first-degree murder, appellant contends that they should be vacated because the court erred in denying his motion for a change of venue; because the court erred in allowing Ida Jean Shaw to testify and to be called as a court's witness; because the jury was not completely apprised of the treatment Ida Jean Shaw received in exchange for her testimony; because the jury was selected from a sample of citizens from which racial and gender-based exclusions had been made; because the court erred in failing to sever the trials of appellant and his codefendant Earl Enmund; and because the trial judge deprived appellant of due process by inhibiting defense counsel in his attempt to present an item of exculpatory evidence. All of these legal points either were or could have been presented to this Court in the initial appeal. They were all either waived at trial by the lack of objection, waived on appeal by the lack of argument here, or presented to this Court, considered, and determined. Thus all of these issues are, for one reason or another, completely foreclosed and are not subject to collateral attack. Antone v. State, 410 So.2d 157 (Fla. 1982); Goode v. State, 403 So.2d 931 (Fla. 1981); Alvord v. State, 396 So.2d 184 (Fla. 1981); Adams v. State, 380 So.2d 423 (Fla. 1980); Henry v. State, 377 So.2d 692 (Fla. 1979).
With regard to his sentence of death, appellant presents numerous arguments questioning its validity. He argues that the sentencing judge considered some improper aggravating circumstances and that, with their exclusion, the sentence of death is rendered improper. He questions whether the sentencing judge found that his age of 23 at the time of the crimes was in fact a mitigating factor rendering the sentence of death improper. He argues that he was *289 denied due process of law when his sentence of death was not accompanied by written findings of fact as required by statute and that the subsequent filing of written findings did not cure the irregularity. He argues that the trial court, in sentencing him to death, improperly considered and relied upon information other than what was developed at his trial. He argues that the procedure utilized at the sentencing portion of his trial deprived him of due process and provided an inadequate basis for the jury and judge to make their sentencing determinations. He argues that his sentence of death is inappropriate and its imposition is arbitrary and capricious in light of the established facts of the case. He argues that the court committed reversible error in failing to instruct the jury that aggravating circumstances were required to be proven beyond a reasonable doubt.
All of the above-listed contentions either could have been raised on direct appeal, were argued on appeal and determined, or were considered and determined by this Court on its own motion in discharge of its duty to review death sentences. Therefore, they are not subject to consideration by a Rule 3.850 motion. Thompson v. State, 410 So.2d 500 (Fla. 1982); Ford v. State, 407 So.2d 907 (Fla. 1981); Smith v. State, 400 So.2d 956 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980); Sullivan v. State, 372 So.2d 938 (Fla. 1979).
Appellant contends that the capital felony sentencing law in effect at the time of the trial and the instructions to the jury regarding sentencing improperly limited mitigating considerations to the circumstances listed in the statute in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). This issue, like others already mentioned, could have been raised on direct appeal and therefore is not a proper subject for collateral attack of appellant's sentence. Moreover, we find that the statute applied, the jury instructions used, and the judge's deliberations on sentence all comported with the principles of Lockett. The instruction did not have the effect of telling the jurors that they were restricted to consideration of statutory mitigating circumstances. This contention, were it a proper one to consider in this proceeding, would be governed by our decision in Peek v. State, 395 So.2d 492 (Fla.), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981), in which the same argument was raised. There, we said:
Recurring to the charge given in this case, we note at the outset that it in no way restricts the jury to a consideration of the statutorily enumerated mitigating circumstances. Indeed, the instruction on mitigating circumstances, when read in conjunction with the express limitation on consideration of aggravating circumstances, advises the jury that the list of statutory mitigating factors is not exhaustive. See Songer v. State, 365 So.2d 696, 700 (Fla. 1978) (on rehearing). It strikes a constitutional balance by directing, but not limiting, scrutiny to those areas of mitigation considered vital by the legislature in determining the fairness of a life or death sentence, thereby assuring that the death penalty will be applied in a consistent and rational manner. Were we to sanction an instruction which established no effective guidance for the jury in considering circumstances which may mitigate against death, we would surely breathe life into Mr. Justice Rehnquist's admonition that such a procedure would "not guide sentencing discretion but [would] totally unleash it." Lockett v. Ohio, 438 U.S. at 631, 98 S.Ct. at 2975, 57 L.Ed.2d 973 (Rehnquist, J., concurring in part and dissenting in part).
Contrary to appellant's assertion, the instruction given here is consistent with Lockett v. Ohio. Lockett holds only that a sentencing body must not be precluded from considering, as a mitigating factor, aspects of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death. As noted above, our death penalty statute does not limit consideration of mitigating circumstances to those statutorily enumerated. Moreover, unlike the Ohio statute invalidated in Lockett, the mitigating *290 circumstances in Florida's statute direct the jury's attention to many aspects of the defendant's character and the circumstances surrounding the offense. While we do not contend that the statutory mitigating circumstances encompass every element of a defendant's character or culpability, we do maintain that the factors, when coupled with the jury's ability to consider other elements in mitigation, provide a defendant in Florida with every opportunity to prove his or her entitlement to a sentence less than death.
395 So.2d at 496-97 (footnotes omitted).
Our conclusion that the jury was not restricted in its consideration of mitigating factors is buttressed by the observation that defense witness Betty Fine was permitted to testify on a broad range of matters at the sentencing trial. The witness testified not only to matters relating to statutory mitigating circumstances, but also to matters concerning appellant's background and character. In view of all the matters she was allowed to testify to, there is no support for appellant's present contention that the court's instructions discouraged defense counsel from attempting to present mitigating evidence. Indeed, judging from the scope of defense counsel's presentation at the sentencing proceeding, it appears that defense counsel correctly interpreted the capital felony sentencing law, which, as we held in Songer v. State, 365 So.2d 696 (Fla. 1978) (on rehearing), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), was not intended to restrict consideration of mitigating factors.
The only contention raised by appellant's motion that is proper for consideration by collateral attack is the argument that he received ineffective assistance of counsel at both the guilt phase and the sentencing phase of his trial. We will therefore proceed to evaluate this claim, using the principles developed in Knight v. State, 394 So.2d 997 (Fla. 1981). We are aware of the different and more elaborate analysis set forth in Washington v. Strickland, 693 F.2d 1243 (5th Cir.1982), but we believe the Knight test reaches the legally and constitutionally correct result in this case.
In Knight v. State, this Court expanded upon the principles earlier developed in Meeks v. State, 382 So.2d 673 (Fla. 1980), and announced a four-step test for determining whether a defendant has been denied the effective assistance of counsel at his trial. First, the challenger must detail in his pleading the specific omission or overt act upon which the claim of ineffective assistance of counsel is based. Second, the defendant must show that the act or omission was a substantial and serious deficiency measureably below the standard of competent counsel. Third, the defendant must show that the deficiency, viewed under the circumstances, probably affected the outcome of the proceedings. Finally, the defendant's showing of substantial, prejudicial deficiency must withstand the state's attempt at rebuttal. Such rebuttal may be achieved by showing beyond a reasonable doubt that there was no prejudice in fact. Knight v. State, 394 So.2d at 1001.
With regard to the guilt phase of the trial, appellant lists several instances of failure to impeach witnesses regarding factual inconsistencies, a failure to object to testimony, and a failure to investigate and present evidence of the alibi defense. With regard to each instance, we have no difficulty finding that the asserted deficiencies were matters of trial tactics within the standard of competence expected of attorneys. Moreover, appellant has made no showing of how the outcome might have been affected by different actions on the part of trial counsel.
With regard to the sentencing phase of his trial, appellant contends that his counsel failed to adequately present evidence of mitigating circumstances. This failure, appellant asserts, is demonstrated by the fact that defense counsel presented only one witness at the sentencing phase, and did not call any members of appellant's family as witnesses. Appellant further asserts that defense counsel failed to submit relevant matters pertaining to his character and background.
*291 Again, we conclude that appellant's arguments are mere attacks upon the tactical choices of his trial attorney. There is no deficiency shown. The lawyer probably did the best that could be done under the circumstances and in fact presented testimony pertaining to a broad range of both statutory and nonstatutory mitigating circumstances.
The trial court order appealed from recites that the record shows that appellant received legal representation at both the guilt and sentencing phases of his trial that was more than adequate and showed aboveaverage competency. The record conclusively shows that there was no failure to provide reasonably effective assistance of counsel as is constitutionally required.
Appellant also contends that this Court considered information from outside the record in affirming his sentence of death on appeal. This argument does not relate to anything the trial court did or failed to do or to anything that transpired during the trial or trial-level proceedings. Therefore it is not an appropriate matter to raise in a Rule 3.850 motion. Foster v. State, 400 So.2d 1 (Fla. 1981). However, we will treat this argument as a petition for habeas corpus. We find the argument to be without merit and deny the petition. See Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981).

II. Habeas Corpus.
As was stated above, appellant has also filed a petition for a writ of habeas corpus with this Court, in which he challenges this Court's treatment of his prior direct appeal and argues that he was deprived of the effective assistance of counsel in presenting the appeal.
Petitioner contends that this Court committed fundamental error in deciding his appeal and deprived him of due process of law. He argues that the Court erred in affirming his sentence of death after finding that two of the three statutory aggravating circumstances found by the trial judge were erroneous. Our holding was that the erroneous findings in aggravation did not impair the process of weighing the aggravating circumstances against the mitigating circumstances because there were no mitigating circumstances to weigh. Armstrong v. State, 399 So.2d at 963. In view of the fact that the jury recommended death, we held that the single valid aggravating circumstance was a sufficient basis to support affirmance of the sentence of death.
Petitioner argues that our affirmance on this basis was improper since an appellate court cannot know what the sentencing judge would have decided had he known that part of the basis for his decision was invalid. Once this Court had decided that two of the three aggravating circumstances recited by the trial judge were inapplicable, petitioner argues, the proper result was to then remand for resentencing. In support of this position petitioner cites Stephens v. Zant, 631 F.2d 397 (5th Cir.1980), modified, 648 F.2d 446 (5th Cir.1981), remanded, 456 U.S. 410, 102 S.Ct. 1856, 72 L.Ed.2d 222 (1982), and Henry v. Wainwright, 661 F.2d 56 (5th Cir.1981), vacated on other grounds and remanded, 457 U.S. 1114, 102 S.Ct. 2922, 73 L.Ed.2d 1326, judgment reinstated, 686 F.2d 311 (5th Cir.1982). However, we find the cited cases to be distinguishable and therefore not controlling. Ford v. Strickland, 696 F.2d 804 (11th Cir.1983). We therefore find this point to be without merit.
Petitioner also contends that he received ineffective assistance of appellate counsel and that because of his appellate lawyer's failings, he was deprived of a full and meaningful appeal of his convictions and sentences. He argues that he should be granted a new or belated appeal. Petitioner presents fifteen points and argues that each constitutes a specific omission, substantially deficient or measurably below the standard of competent counsel, and that *292 each had prejudicial impact on the outcome of the appeal.[1]
We have examined each of the asserted omissions and have found that each of them either (1) is not a specific overt act or omission; (2) is not a substantial and serious deficiency, measurably below the standard expected of competent counsel; or (3) is not shown to have been so substantial as to be likely to have affected the outcome of the appeal. See Knight v. State, 394 So.2d 997 (Fla. 1981). We are satisfied that petitioner received a full, fair, and meaningful appeal. We therefore rule that petitioner is not entitled to relief from his convictions or sentences by habeas corpus.
With regard to the appeal of the denial of the Rule 3.850 motion, we hold that the motion, files, and records in the case conclusively show that the appellant is entitled to no relief. We therefore affirm the trial court's denial of appellant's motions. With regard to the petition for habeas corpus, we hold that petitioner is entitled to no relief and deny the motion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
McDONALD, J., dissents with an opinion, with which EHRLICH, J., concurs.
McDONALD, Justice, dissenting.
The record in this case clearly demonstrates that the trial judge limited the jury's consideration of mitigating circumstances to those listed in section 921.141(6), Florida Statutes, and, presumptively, limited his own consideration when he imposed sentence. The judge told the jury to consider mitigating circumstances "as hereinafter enumerated."[*] The only ones enumerated were those listed in the statute.
*293 Sadly, we failed to note this in our review of this record on appeal, and this defect was not called to our attention until this 3.850 appeal was filed. The error here was an unintentional misinterpretation of section 921.141, Florida Statutes, by the judge and all counsel associated with the case.
This case represents an example of the extreme care that must be exercised in death cases. The death penalty statute enacted by the legislature is an expression of the public policy of this state as the appropriate punishment in certain circumstances. We have held it constitutional on numerous occasions. The decision to impose death or life is guided by the mandatory finding of at least one aggravating factor as defined by the statute. Against the aggravating factors found beyond a reasonable doubt, mitigating circumstances as defined by statute and other evidence which assists the jury to determine the character of the offender are weighed so that the jury members in recommending and the judge in imposing have had their discretion carefully guided. Judges and juries must not be precluded from considering nonstatutory mitigating circumstances. Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). The legislature defined certain factors to be considered in mitigation. That legislative list of mitigating circumstances is neither exclusive nor all inclusive. In Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), we emphasized that it has always been proper under the Florida statute to consider nonstatutory mitigating circumstances. We must be true to that holding and be sure in all cases that the jury was not precluded from so considering them.
The United States Supreme Court recently reaffirmed the importance of a judge and jury's consideration of all factors regarding a defendant and his commission of the crime before imposing the death sentence. Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Florida's death penalty can be constitutionally applied, but to do so we must be alert to those cases where the full complement of due process rights has been impinged upon. This is such a case as it relates to the sentencing. There was no ineffective assistance of counsel in this case, but a lack of due process in the sentencing phase. There is no basis to again review the conviction, but the sentence must be vacated and a new sentencing procedure, including a new advisory jury, must be conducted.
EHRLICH, J., concurs.
NOTES
[1] The fifteen specific omissions raised by petitioner are:

(a) The failure to appeal the trial court's denial of the motion for change of venue due to prejudicial pretrial publicity;
(b) The failure to appeal the trial court's denial of the motion for severance of the trial from the trial of codefendant Earl Enmund;
(c) The failure to adequately argue that the evidence of guilt was insufficient or weak;
(d) The failure to raise the issue of inadequacy of trial counsel at the guilt phase of the trial;
(e) The failure to argue the issue of discriminatory methods of selection of the jury venire;
(f) The failure to raise the issue of inadequacy of trial counsel at the sentencing phase of the trial;
(g) The failure to argue that the capital felony sentencing statute improperly restricted the consideration of mitigating circumstances;
(h) The failure to invoke the supplemental authority of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), during the pendency of the appeal;
(i) The failure to challenge the trial court's findings of aggravating circumstances and to argue concerning the consequences of a holding of invalidity of aggravating circumstances;
(j) The failure to invoke the supplemental authority of Stephens v. Zant, 631 F.2d 397 (5th Cir.1980), during the pendency of the appeal;
(k) The failure to appeal the trial court's omission of an instruction that aggravating circumstances must be proved beyond a reasonable doubt;
(l) The failure to argue that petitioner's single conviction of unarmed breaking and entering of an unoccupied business establishment did not negate the statutory mitigating factor of lack of significant previous criminal history;
(m) The failure to argue that the sentencing proceeding was unfair;
(n) The failure to petition the United States Supreme Court for certiorari to review the affirmance of the convictions and sentences;
(o) The failure to adequately argue that the jury was not fully informed of the agreement between the state and the witness Ida Jean Shaw.
[*] The preliminary jury charge in the sentencing proceeding is, in part, as follows:

[I]t is now your duty and responsibility to determine by a majority vote whether or not you advise the imposition of the death penalty based upon, one, whether sufficient aggravating circumstances as hereafter enumerated exist to justify the death penalty; two, whether sufficient mitigating circumstances exist as hereafter enumerated which outweigh the aggravating circumstances found to exist... .
(Emphasis supplied.)
The trial judge later told the jury:
Now, you will have two forms of verdict as to each count and as to each Defendant. There are two counts of first degree murder. Your advisory sentence as to Count One, and this will be the one as it relates to Earl Enmund: We, the Jury, have heard evidence under the sentencing procedure in the above cause as to whether aggravating circumstances which were so defined in the Court's charge existed in the capital offense here involved and whether sufficient mitigating circumstances defined by the Court's charge do outweigh such aggravating circumstances, and we do find and advise that the aggravating circumstances do outweigh the mitigating circumstances. A majority of at least seven of us, therefore, advise the Court that the death penalty should be imposed herein upon the Defendant by the Court as to Count One.
(Emphasis supplied.)