438 So.2d 4 (1983)
Ronald JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Ronald JACKSON, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 64214, 64202.
Supreme Court of Florida.
September 13, 1983.
*5 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb and Elliot H. Scherker, Asst. Public Defenders, Eleventh Judicial Circuit, Miami, for appellant/petitioner.
Jim Smith, Atty. Gen. and Carolyn Snurkowski, Asst. Atty. Gen., Miami, for appellee/respondent.
PER CURIAM.
Ronald Jackson appeals from the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, moves for a stay of execution, and petitions for a writ of error coram nobis.
After being convicted of first-degree murder, Jackson received the death sentence. This Court affirmed both his conviction and sentence. Jackson v. State, 366 So.2d 752 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). Jackson later filed a habeas corpus petition, alleging ineffective assistance of appellate counsel, which we denied. Jackson v. Wainwright, 421 So.2d 1385 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983).
On August 24, 1983 the governor signed Jackson's death warrant, effective from September 16 through September 23, and the Department of Corrections scheduled his execution for September 20, 1983. The trial court denied his motion for post-conviction relief on September 1, 1983, prompting this appeal.
In his 3.850 motion Jackson set out the following issues: 1) denial of the opportunity to present, and have considered, all relevant mitigating evidence, i.e., nonstatutory as well as statutory; 2) requiring a majority vote for a recommendation of life imprisonment denied him such a recommendation; and 3) the instructions in effect at the time of Jackson's trial on lesser included offenses and aggravating factors rendered his death sentence arbitrary, capricious, unreliable, and disproportionate. Jackson now claims that his motion presented prima facie grounds for relief under rule 3.850 and that the trial court erred by not granting an *6 evidentiary hearing on the claims set out in the motion.
The motion and record conclusively show that Jackson is not entitled to the relief sought. The trial court, therefore, did not err in not granting an evidentiary hearing. Muhammad v. State, 426 So.2d 533 (Fla. 1982).
Jackson contends that his trial counsel believed he could not present evidence of nonstatutory mitigating circumstances and that this belief patently operated to exclude relevant mitigating evidence. Citing Proffitt v. Wainwright, 685 F.2d 1227, 1248 (11th Cir.1982), which concluded that such a belief by a defense attorney was entirely reasonable, Jackson claims tht the treatment of mitigating evidence has evolved into a change in the law which should give him relief under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). We disagree both with Jackson's contention and with the federal court's conclusion.
The sentencing instructions tracked the language of the statute in effect at the time of Jackson's trial. We have recently held that the statute and such instructions comported with due process and the eighth amendment. Straight v. Wainwright, 422 So.2d 827 (Fla. 1982), cert. denied sub nom. McCrae v. Florida, ___ U.S. ___, 103 S.Ct. 2112, 77 L.Ed.2d 315 (1983). We find no merit to Jackson's claim that the state of the law prevented his trial counsel from presenting nonstatutory evidence at his sentencing hearing. Hitchcock v. State, 432 So.2d 42 (Fla. 1983); Armstrong v. State, 429 So.2d 287 (Fla. 1982).
Citing Harich v. State, 437 So.2d 1082 (Fla. 1983), Jackson claims error in the instruction given his jury as to the vote needed to make its recommendation. In the present case, as was the case in Harich, Jackson failed to object to the jury instruction at trial as required by Florida Rule of Criminal Procedure 3.390 in order to preserve this point for appeal. Nor did he seek in any way to have the presently challenged jury instruction modified. Moreover, as in Harich, we find no prejudice in the giving of this instruction. Additionally, we do not find that Harich is a change in the law as to merit relief under Witt v. State.
Jackson concedes that this Court has recently ruled adversely to his third claim. Aldridge v. Wainwright, 433 So.2d 988 (Fla. 1983); Riley v. State, 433 So.2d 976 (Fla. 1983); Hitchcock v. State. We decline this opportunity to reconsider these issues.
We affirm the trial court's denial of the 3.850 motion and deny the stay of execution. The petition for writ of error coram nobis presents no newly discovered evidence which would have precluded conclusively the death sentence and is, therefore, denied. Scott v. State, 433 So.2d 974 (Fla. 1983); Hallman v. State, 371 So.2d 482 (Fla. 1979). No motion for rehearing will be allowed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.
McDONALD, Justice, dissenting in part, concurring in part.
I conclude from a review of the record in this case that the trial judge failed to consider nonstatutory mitigating circumstances when he sentenced Jackson to death. It also reveals that none were presented except those which could have been drawn inferentially from the medical testimony. Jackson seeks to show that his counsel did not introduce existing nonstatutory mitigating evidence because he felt that the law precluded him from doing so. He avers that such evidence could have made a difference in his sentence. I recognize that this claim is similar to that made in Armstrong v. State, 429 So.2d 287 (Fla. 1983), in which I dissented. Nevertheless, I feel compelled to reiterate my view in this type situation.
This case was tried before Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d *7 973 (1978), was decided. Until that pronouncement the law on the relevance of nonstatutory mitigating evidence was uncertain. See Proffitt v. Wainwright, 685 F.2d 1227, 1248 (11th Cir.1982).
Death warrants are now being signed on death sentences imposed both before and after Lockett. In pondering the question of whether Lockett is retroactive or not, it seems fundamentally unfair to me for one person to go to the gallows when nonstatutory mitigating circumstances were not considered, while others may not be going because those circumstances were considered or while others are going only after such consideration. This appears to me to be unconstitutional disproportionate treatment.[*]
Lockett was a significant change in the law and meets the test for affording relief as enunciated in Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). I would reverse the denial of the 3.850 hearing without an evidentiary hearing and require consideration of what evidence was reasonably available and the reason for its nonproduction. If Jackson were unfairly deprived of consideration of such evidence, he should have a new sentencing hearing.
As to the other issues, I concur on the denial of relief.
NOTES
[*] Of course, if the nonpresentation of such evidence were trial strategy or if in fact none were available, there is no infirmity.