448 So.2d 999 (1984)
Arthur Frederick GOODE, III, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 65098.
Supreme Court of Florida.
April 2, 1984.
*1000 Sanford L. Bohrer and Charles V. Senatore of Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, for petitioner.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
ADKINS, Justice.
We have for consideration a petition for writ of habeas corpus wherein petitioner asks that the sentence of death be stayed until his sanity is determined.
Goode's conviction and sentence were affirmed by this Court. Goode v. State, 365 So.2d 381 (Fla. 1978) (Goode I). Petition for writ of certiorari was denied by the United States Supreme Court. Goode v. Florida, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979).
A motion to vacate judgment and sentence was denied by the trial judge and, upon appeal, this order was affirmed. Goode v. State, 403 So.2d 931 (Fla. 1981) (Goode II). The governor issued a warrant ordering Goode's execution to be held on March 2, 1982.
By petition for writ of habeas corpus, Goode attacked the competency of his attorney on appeal from his conviction. We dismissed the petition for writ of habeas corpus and denied the motion for stay of execution. Goode v. Wainwright, 410 So.2d 506 (Fla. 1982) (Goode III).
Goode then filed a petition for writ of habeas corpus in federal district court. The district court dismissed the petition, granted a certificate of probable cause for appeal, but denied a motion for a stay of execution pending appeal. The Eleventh Circuit granted Goode's petition for a stay of execution. Goode v. Wainwright, 670 F.2d 941, 942 (11th Cir.1982). Upon consideration of the merits the Eleventh Circuit held that Goode received an adequate hearing on the issue of his competence to stand trial; that the trial court conducted an adequate inquiry into Goode's competence to waive counsel and applied the proper test and determined that Goode was competent to waive trial counsel; that Goode knowingly and intelligently waived his right to trial counsel; that Goode's fundamental due process right to a fair trial was not denied by the trial court's alleged mismanagement of the trial proceedings; that by failing to object to the jury instructions relating to mitigating circumstances, Goode was thereby barred from having a federal habeas corpus review of this issue; that Goode's claim with respect to the trial court's failure to recite statutory and non-statutory mitigating circumstances was without merit; that Goode's contention that the Florida Supreme Court improperly received and considered extra-record materials in deciding his direct appeal was without merit. The Court then held that the trial court improperly relied on a non-statutory aggravating factor, i.e., that the trial judge relied upon his belief that society could no longer rehabilitate Goode and that only the death penalty would "once and for all guarantee society ... that [Goode] would never again kill, maim, torture, or harm another being." The federal circuit court pointed out that in Miller v. State, 373 So.2d 882 (Fla. 1979), sentence of death was set aside and the Florida Court held that it was improper for the judge to consider an additional aggravating circumstance not enumerated by the statutes, i.e., the possibility that Miller might consider similar acts of violence if he were ever to be released upon parole. The federal circuit court reversed the order of the district *1001 court and remanded with instructions that the writ of habeas corpus be issued conditioned upon the state's resentencing of Goode.
Certiorari was granted by the Supreme Court of the United States and the judgment of the Circuit Court of Appeals was reversed. Wainwright v. Goode, ___ U.S. ___, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). The Supreme Court held that as regards the issue whether the state trial court relied on an impermissive aggravating factor the court of appeals erred in substituting its view of the facts for those of the state supreme court and, even if the sentencing judge relied on a factor unavailable under state law, the procedures followed by the state court did not produce an arbitrary or freakish sentence forbidden by the eighth amendment.
The governor, pursuant to section 922.07(1), Florida Statutes (1983), caused Goode to be examined on February 15, 1984, by a commission of three psychiatrists. This was done pursuant to Executive Order No. 84-37.
On February 15, 1984, the commission examined petitioner. Petitioner complains because his counsel did not have an opportunity to question members of the commission under oath.
On February 16, 17, and 23, 1984, the members of the commission advised the governor by letter that in their opinions, based on their examination of petitioner, Goode understood the nature and the effect of the death penalty and why it is to be imposed on him. Goode complains because these letters were withheld from his counsel until after the governor signed his death warrant. He complains about the governor's publicly announced policy of excluding all advocacy on the part of the condemned from the process of determining whether a person under a sentence of death is insane.
Goode makes two complaints; (1) that he is insane or, at least, presently incompetent; and (2) he has not been accorded procedural due process in the determination of his sanity. We agree with his contention that an insane person cannot be executed.
From the above discussion, it appears that Goode has exercised his right to use the full processes of the judicial system. The sentence is imposed by the judicial branch of government, but its execution lies within the executive branch of government. The legislature has provided for the method of execution of a death sentence, section 922.10, Florida Statutes (1983), and the regulation of the execution, section 922.11, Florida Statutes (1983). When the death warrant is issued by the governor, the execution of the death sentence can be stayed only by the governor or "incident to an appeal." § 922.06, Fla. Stat. (1983).
In Hysler v. State, 136 Fla. 563, 187 So. 261 (1939), the Court held that an application for a stay of capital punishment on the ground of insanity after conviction should be addressed to the trial court so that court could inquire into and adjudicate the question of the petitioner's sanity or insanity since the judgment of conviction. This was the only method by which an insane person could be protected from execution.
After Hysler the legislature enacted section 922.07, Florida Statutes (1983) (originally chapter 19554, section 268, Laws of Florida (1939)), setting forth the procedure to be followed when a person under sentence of death appears to be insane. The execution of capital punishment is an executive function and the legislature was authorized to prescribe the procedure to be followed by the governor in the event someone claims to be insane. The procedure as set forth by the statute does not deny petitioner of his rights to due process.
In Solesbee v. Balkcom, 339 U.S. 9, 70 S.Ct. 457, 94 L.Ed. 604 (1950), the United States Supreme Court had before it the constitutionality of a similar Georgia statute. The prisoner contended the statute was unconstitutional because due process required that a claim of insanity after sentence be determined by a judicial or administrative tribunal, after notice, wherein the prisoner would have the right of counsel, *1002 cross examination and to offer evidence. In rejecting this argument, the Court said that this function bore a close affinity to the executive power to pardon and that:
We are unable to say that it offends due process for a state to deem its Governor an "apt and special tribunal" to pass upon a question so closely related to powers that from the beginning have been entrusted to governors. And here the governor had the aid of physicians specially trained in appraising the elusive and often deceptive symptoms of insanity. It is true that governors and physicians might make errors of judgment. But the search for truth in this field is always beset by difficulties that may be-get error. Even judicial determination of insanity might be wrong.
... to require judicial review every time a convicted defendant suggested insanity would make the possibility of carrying out a sentence depend upon "fecundity in making suggestion after suggestion of insanity."
339 U.S. at 12, 70 S.Ct. at 459 (footnote omitted).
With respect to the contention that such statutes fail to provide for adversary hearings, the Court said:
... upon a suggestion of insanity after sentence, the tribunal charged with responsibility must be vested with broad discretion in deciding whether evidence shall be heard. This discretion has usually been held nonreviewable by appellate courts. The heart of the common-law doctrine has been that a suggestion of insanity after sentence is an appeal to the conscience and sound wisdom of the particular tribunal which is asked to postpone sentence. We cannot say that the trust thus reposed in judges should be denied governors, traditionally charged with saying the last word that spells life or death. There is no indication that either the Governor or the physicians who acted on petitioner's application violated the humanitarian policy of Georgia against execution of the insane. We hold that the Georgia statute as applied is not a denial of due process of law.
339 U.S. at 13-14, 70 S.Ct. at 459 (footnote omitted).
Subsequently, in Caritativo v. California, 357 U.S. 549, 78 S.Ct. 1263, 2 L.Ed.2d 1531 (1958), the Court per curiam affirmed, without opinion, under the authority of Solesbee.
The governor has the inherent right to grant a stay of execution and to make a determination as to the sanity of an individual who has been sentenced to death. We find no abuse of authority, nor do we find any denial of due process. The mental condition of Goode has been a continuous subject of litigation.
Under the circumstances of this case, we do not find that Goode is entitled to any relief and his petition for writ of habeas corpus is dismissed. The petition for stay of execution is denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.