451 So.2d 471 (1984)
Alvin Bernard FORD, or Connie Ford, Individually, and Acting As Next Friend On Behalf of Alvin Bernard Ford, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Dept. of Corrections, State of Florida, Respondent.
Alvin Bernard FORD, Etc., Appellant,
v.
STATE of Florida, Etc., Appellee.
Nos. 65335, 65343.
Supreme Court of Florida.
May 25, 1984.
*473 Richard L. Jorandy, Public Defender; Craig S. Barnard, Chief Asst. Public Defender; Richard H. Burr, III, West Palm Beach, of counsel; Richard B. Greene, Asst. Public Defender; and Michael A. Mello, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, and Laurin A. Wollan, Jr., Tallahassee, for petitioner/appellant.
Jim Smith, Atty. Gen., and Russell S. Bohn, Joy B. Shearer and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for respondent/appellee.
ADKINS, Justice.
We have before us a petition for habeas corpus and an application for stay of execution in order to allow a hearing to determine petitioner's competency. We have jurisdiction. Art. V, § 3(b)(7), (9), Fla. Const.
The petitioner was convicted in the Circuit Court of the Seventeenth Judicial Circuit on December 17, 1974, for the first-degree murder of a Fort Lauderdale police officer. The jury recommended death, and the trial court imposed a sentence of death on January 6, 1975. This Court affirmed petitioner's conviction and sentence of death in Ford v. State, 374 So.2d 496 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).
Petitioner then filed a motion to vacate or set aside the judgment pursuant to Florida Rule of Criminal Procedure 3.850. The circuit court denied the motion, and its denial was affirmed by this Court. Ford v. State, 407 So.2d 907 (Fla. 1981).
Petitioner's subsequent petition for writ of habeas corpus was denied by the United States District Court for the Southern District of Florida. Upon appeal, a divided panel of the United States Court of Appeals for the Eleventh Circuit affirmed the district court's denial of relief. Ford v. Strickland, 676 F.2d 434 (11th Cir.1982). Rehearing en banc was granted, and the en banc court affirmed the district court's judgment. Ford v. Strickland, 696 F.2d 804 (11th Cir.1983). Certiorari was denied in Ford v. Strickland, ___ U.S. ___, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983).
Thereafter proceedings to determine petitioner's mental competency were instituted pursuant to section 922.07, Florida Statutes (1983). As required by this statute, Governor Graham appointed a commission of three psychiatrists to evaluate petitioner's sanity. The reports of the psychiatrists were submitted to the Governor, and he signed a death warrant for petitioner on April 30, 1984, requiring petitioner to be executed between noon on May 25, 1984, and noon on June 1, 1984. Petitioner is currently scheduled to be executed on May 31, 1984.
In addition to the proceedings that were instituted on behalf of petitioner pursuant to section 922.07, petitioner's counsel also filed a motion in the trial court for a hearing to determine petitioner's competency and for a stay of execution during the pendency thereof. The trial court denied the motion on May 21, 1984.
Petitioner raises two issues in his petition for writ of habeas corpus. The first of these concerns a jury instruction given to the jury in the sentencing phase that its advisory verdict of either life imprisonment or death must be reached by a majority vote of the jury. Specifically, petitioner argues that intervening law has established that such an instruction is erroneous, and that but for the erroneous instruction the jury's verdict "most probably" would have been for life imprisonment.
This alleged error occurred during the sentencing proceeding in the trial court and *474 therefore, the explicit proscription contained in Florida Rule of Criminal Procedure 3.850 applies here:
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
In his first motion for post conviction relief in late 1981, petitioner raised other challenges to the instructions given during the sentencing phase, but did not raise this issue. Thus, petitioner is not entitled to raise the issue here. See Johnson v. State, 185 So.2d 466, 467 (Fla. 1966); Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981); Darden v. Wainwright, 236 So.2d 139 (Fla. 2d DCA 1970).
Furthermore, petitioner's reliance on Rose v. State, 425 So.2d 521 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), is misplaced. This Court has recently clarified that the error which petitioner alleges here requires an objection at trial before relief can be granted on direct appeal. See Rembert v. State, 445 So.2d 337, 340 (Fla. 1984); Jackson v. State, 438 So.2d 4, 6 (Fla. 1983). The excerpt from the transcript of the sentencing phase of petitioner's trial which is appended to the instant petition shows that there was no objection to the instruction in the trial court. Thus, any alleged error in the contested jury instruction has been waived by the lack of a contemporaneous objection at trial, and any relief in this proceeding is precluded by the well-established rule that habeas corpus may not be used as a vehicle to raise for the first time issues which could or should have been raised at trial and on appeal. McCrae v. Wainwright, 439 So.2d 868, 870 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 2112, 77 L.Ed.2d 315 (1983); Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980).
Additionally, the instructions given to the jury accurately tracked the statute that was in effect at the time and that remains unchanged. It was a change in the standard jury instructions which prompted our decision in Harich. However, this Court has held that the Harich case does not constitute a change in the law which will merit relief in a collateral proceeding under the rule of Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Jackson, 438 So.2d at 6.
Moreover, as we held in Harich and Jackson, the record in this case does not establish that petitioner was prejudiced by the instructions as delivered. Petitioner attempts to construct his claim of prejudice based almost entirely upon the response by one juror as the jury was being polled regarding whether the verdict was by a majority vote of the jury, one juror responded: "The second time it was." From this response petitioner reasons that initially a majority of the jury did not vote for the death penalty, and then builds to a conclusion that "the erroneous instruction was determinative of the outcome... ." However, it is well known that juries often take an initial vote to see where the members stand in order to channel their discussion. The mere fact that a second vote was taken does not establish anything in this record to indicate that the jury felt compelled to reach a conclusion that they would not otherwise have reached. Petitioner's assertion to that fact is based purely upon conjecture, but this Court has stated that reversible error cannot be predicated on conjecture. See Sullivan v. State, 303 So.2d 632, 635 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976).
Petitioner's second claim in this proceeding is that the death penalty is applied in Florida in an arbitrary and discriminatory manner on the basis of race, geography, etc., in violation of the eighth and *475 fourteenth amendments. This claim has never been raised by petitioner in a motion for post-conviction relief; therefore, it cannot be raised for the first time in this original habeas corpus proceeding. See Johnson v. State, 185 So.2d 466, 467 (Fla. 1966); Finley v. State, 394 So.2d 215, 216 (Fla. 1st DCA 1981); Darden v. Wainwright, 236 So.2d 139 (Fla. 2d DCA 1970). Further, this same issue, based upon the same data, has been presented to and rejected by this Court in Sullivan v. State, 441 So.2d 609 (Fla. 1983), and most recently in Adams v. State, 449 So.2d 819 (Fla. 1984). Petitioner concedes as much, but requests that this Court reconsider its prior holdings on this issue. We decline to do so.
Petitioner's counsel has also filed a separate brief in this proceeding requesting this Court to remand for a hearing in the circuit court to determine whether petitioner is presently insane. Petitioner argues that a separate judicial determination of sanity must be made apart from the statutory procedure in section 922.07, Florida Statutes (1983), which directs the governor to make such a determination. This is so, petitioner contends, because Florida has an established common law right to a determination of a prisoner's competency to be executed. However, when the early Florida decisions held that an application to the trial court must be made for a determination of sanity, section 922.07 had not been enacted. It is an accepted rule of statutory construction that the legislature is presumed to be acquainted with judicial decisions on the subject concerning which it subsequently enacts a statute. Main Insurance Co. v. Wiggins, 349 So.2d 638, 642 (Fla. 1st DCA 1977); Bermudez v. Florida Power and Light Co., 433 So.2d 565, 567 (Fla. 3d DCA 1983), review denied, 444 So.2d 416 (Fla. 1984). Thus, the statutory procedure is now the exclusive procedure for determining competency to be executed.
In Goode v. Wainwright, 448 So.2d 999 (Fla. 1984), we addressed this issue, agreed "that an insane person cannot be executed," and held that section 922.07 sets forth "the procedure to be followed when a person under sentence of death appears to be insane. The execution of capital punishment is an executive function and the legislature was authorized to prescribe the procedure to be followed by the governor in the event someone claims to be insane." Thus, in Goode we held that under section 922.07 the governor can make the determination; Goode does not stand for the proposition that the issue of sanity to be executed can be raised independently in the state judicial system. As we recognized in Goode, the United States Supreme Court in Solesbee v. Balkcom, 339 U.S. 9, 70 S.Ct. 457, 94 L.Ed.2d 604 (1950), has held that a procedure like Florida's whereby the governor determines the sanity of an already convicted defendant does not offend due process. Like Goode, the petitioner has exercised his right to use the full processes of the judicial system. Therefore, Goode is dispositive of the instant case.
Accordingly, petitioner's application for a hearing to determine competency and a stay of execution is hereby denied. The petition for writ of habeas corpus is also denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and EHRLICH, JJ., concur.