459 So.2d 316 (1984)
Gary Eldon ALVORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 66176.
Supreme Court of Florida.
November 21, 1984.
*317 Wm. J. Sheppard and Elizabeth L. White of the Law Offices of Wm. J. Sheppard, Jacksonville, for petitioner.
Jim Smith, Atty. Gen., and Ann Garrison Paschall and Peggy A. Quince, Asst. Attys. Gen., Tampa, for respondent.
PER CURIAM.
Gary Eldon Alvord petitions for a writ of extraordinary relief and requests that this Court require a judicial determination of his competency to be executed. Alvord also seeks a stay of execution. This Court has jurisdiction under the all-writs provision of article V, section 3(b)(7), of the Florida Constitution.
This is the fourth time this cause has been before this Court for review. Alvord was convicted of three counts of first-degree murder and sentenced to death in 1974. This Court affirmed those convictions in its decision reported as Alvord v. State, 322 So.2d 533 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226, rehearing denied, 429 U.S. 874, 97 S.Ct. 195, 50 L.Ed.2d 157 (1976).
In a subsequent collateral attack on his conviction, Alvord sought a reduction of sentence under Florida Rule of Criminal Procedure 3.800(b). The trial court denied relief and Alvord petitioned for writ of mandamus. This Court denied relief in an unreported order on March 10, 1977.
Alvord subsequently filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. The trial court, after an exhaustive evidentiary hearing, denied the motion. This Court affirmed the trial court's order denying relief. Alvord v. State, 396 So.2d 184 (Fla. 1981).
The petitioner then sought relief by a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida. The court denied relief with respect to his conviction, but directed the State of Florida to conduct a new sentencing hearing. Alvord v. Wainwright, 564 F. Supp. 459 (M.D.Fla. 1983). On appeal, the Circuit Court of Appeals for the Eleventh Circuit affirmed the district court's denial of relief with regard to Alvord's conviction and reversed the district court's granting of relief with regard to Alvord's sentence. Alvord v. Wainwright, 725 F.2d 1282 (11th Cir.), rehearing denied, 731 F.2d 1486 (11th Cir.), cert. denied, ___ U.S. ___, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). The competency of the defendant at both the time of trial and the time of the offense was in issue in these proceedings as is reflected in the reported opinions.
In 1979, during the pendency of Alvord's 3.850 proceeding, the Governor of Florida invoked the provisions of section 922.07, Florida Statutes (1979), and directed that Alvord be examined by three psychiatrists to determine whether he understood the nature and effect of the death penalty and why it was to be imposed upon him. Alvord, through his counsel, objected and refused to cooperate in this procedure.
On November 16, 1984, five days before oral argument in this cause, counsel for Alvord advised the governor of his belief that his client is presently insane and requested the governor to examine Alvord pursuant to section 922.07. On November 20, 1984, the governor issued Executive Order No. 84-214, granting this request and directed that a panel of psychiatrists *318 examine Alvord on Monday, November 26, 1984.
In this proceeding, Alvord argues that, separate and apart from the procedure outlined in section 922.07, he is entitled to a judicial determination of whether he is competent to be executed. Alvord asserts that a judicial determination of competency is necessary to protect his right to due process and to avoid the imposition of cruel and unusual punishment. We resolved this issue in our recent decision in Goode v. Wainwright, 448 So.2d 999 (Fla. 1984). See also Goode v. Wainwright, 731 F.2d 1482 (11th Cir.1984); Ford v. Wainwright, 451 So.2d 471, 472 (Fla. 1984). In our decision in Goode, we relied upon Solesbee v. Balkcom, 339 U.S. 9, 70 S.Ct. 457, 94 L.Ed. 604 (1950), and specifically rejected the contention that the statutory process set forth in section 922.07 was unconstitutional because due process was not provided through a judicial determination of competency in an adversary proceeding. We held that Hysler v. State, 136 Fla. 563, 187 So. 261 (1939), was no longer applicable given our present statutory process that places in the executive branch the authority to determine competency to be executed. 448 So.2d at 1001-02.
We reject Alvord's contention that our decisions in Goode and Ford are factually distinguishable from the instant case. Alvord claims that his prior adjudication in Michigan of not guilty by reason of insanity, his resulting commitment, and the fact that there has not been a subsequent judicial restoration of sanity result in a continuing presumption of insanity. We find that this factor does not control our determination of the issue presented in this proceeding and note that, when Alvord was found competent to stand trial, the trial court had full knowledge of his previous adjudication of not guilty by reason of insanity and his subsequent commitment.
The governor is proceeding to make a competency determination under section 922.07 and we find neither an abuse of his authority nor a denial of due process. The petition for writ of extraordinary relief and the petition for stay of execution are denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.