421 So.2d 160 (1982)
Daniel Morris THOMAS, Appellant,
v.
STATE of Florida, Appellee.
Daniel Morris THOMAS, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Nos. 62751, 62747.
Supreme Court of Florida.
October 21, 1982.
*161 Douglas N. Duncan of Foley & Colton, West Palm Beach, for appellant/petitioner.
*162 Jim Smith, Atty. Gen., and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee/respondent.
PER CURIAM.
Daniel Morris Thomas, a state prisoner under a sentence of death and a warrant for the execution of such sentence, moved the court in which he was tried and sentenced, under Florida Rule of Criminal Procedure 3.850, for an order vacating the judgment and sentence.[*] He also asked for a stay of execution pending the disposition of the motion. The court held an evidentiary hearing and denied the motion without entering a stay. Thomas appealed and filed an application for a stay of execution pending the disposition of the appeal. He has also filed a writ of habeas corpus with this Court. We decline to stay the execution, affirm the denial of the motion to vacate, and deny the petition for habeas corpus.
Appeal of Denial of Rule 3.850 Motion
Appellant set forth seven grounds for post-conviction relief in his motion below: (1) that the trial judge applied the capital felony sentencing law in such a way as to restrict the presentation and consideration of mitigating factors to the statutory mitigating circumstances; (2) that appellant was deprived of the right to the effective assistance of counsel at his trial; (3) that the instructions to the jury at the sentencing phase of the trial had the effect of unconstitutionally shifting the burden of proving mitigation to the defendant; (4) that the capital felony sentencing law is applied in an arbitrary and capricious manner, with improper discrimination based on race, gender, geography, and economic status; (5) that the capital felony sentencing law is unconstitutional as applied because it fails to provide guided, individualized sentencing determinations; (6) that a sentence of death is inappropriate in this case because of the tenuousness of the evidence of guilt and irrevocability of the punishment; and (7) that the trial court erred in holding certain statements of the defendant admissible in evidence.
Five of the seven points raised  listed above as (1), (3), (5), (6), and (7)  were summarily dismissed by the trial court on the ground that they were inappropriate matters to be raised in a Rule 3.850 motion. The court found that the five contentions either were or could have been raised in the initial appeal from the judgment and sentence. Appellant contends that because the errors complained of are fundamental in nature, reconsideration or a new opportunity to raise them is required. Appellant's argument is without merit. The contentions which the trial court summarily denied were all issues that either were or could have been raised on the initial appeal and therefore may not be considered in a proceeding under Rule 3.850. Demps v. State, 416 So.2d 808 (Fla. 1982); Goode v. State, 403 So.2d 931 (Fla. 1981); Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980).
The trial court considered on its merits and ruled upon the contention that the capital felony sentencing law is applied in an arbitrary and discriminatory manner. Appellant contends that the trial court should not have ruled against him on this point without granting an evidentiary hearing and the appointment of experts to assist appellant in the development and presentation of the claim. Appellant argues that the capital felony sentencing law is being applied based on factors having no proper relation to the circumstances of the crime and the character of the offender. The asserted existing improper factors of discrimination are: (1) geographic discrimination, in that there are disparate rates of imposition of death sentences between metropolitan and non-metropolitan areas and among three broad regions of the state; (2) discrimination based on the economic status of the offender; (3) discrimination based on the sex of the offender; (4) discrimination *163 among offenders based on the occupational status of their victims; and (5) discrimination among offenders based on the race of their victims.
With his motion appellant filed some data from what were characterized as "preliminary studies" of capital sentencing in Florida, asked for an evidentiary hearing, and asked for funds to employ experts to assist in proving the factual allegations. Appellant argues that his allegation of discrimination based on the economic status of the offender calls into play the Fourteenth Amendment, which he says prohibits wealth-based discrimination in the criminal justice process. He argues that his allegations raised a substantial enough question to require the appointment of experts to help him develop his claim.
In Meeks v. State, 382 So.2d 673 (Fla. 1980), five justices of this Court, in two specially concurring opinions, rejected victim-oriented disparity statistics as a ground for a constitutional discrimination challenge. Such an approach "has no bearing on the actual conduct of the offender as the determining factor of who lives and who dies." Id. at 676 (Overton, J., specially concurring).
In Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), the court did not hold that victim-oriented discrimination allegations are per se not cognizable, but did hold that in light of readily stated possible innocent explanations for the disparity, the statistics presented were an inadequate factual basis upon which to ground a claim of discrimination. In Adams v. State, 380 So.2d 423 (Fla. 1980), and Henry v. State, 377 So.2d 692 (Fla. 1979), we rejected allegations of geographic discrimination in the application of the death penalty because the factual assertions were hypothetical and inadequately supported. We hold that, as was the case in Spinkellink v. Wainwright, Meeks v. State, Adams v. State, and Henry v. State, the appellant's allegations of discrimination do not constitute a sufficient preliminary factual basis to state a cognizable claim.
The remaining issue raised by the motion below is whether appellant was deprived of the effective assistance of counsel at his trial. In support of his contention appellant sets out four items, three of which he characterizes as specific acts or omissions; the remaining point is that the court deprived appellant of effective assistance when it denied trial defense counsel's motion to withdraw.
In order to obtain relief on the ground of ineffective assistance of counsel in a capital case a defendant must (1) detail a specific act or omission of counsel; (2) carry the burden of showing that the specific act or omission was a substantial deficiency, measurably below the performance level expected of competent counsel; (3) establish the likelihood that the deficiency affected the outcome; and (4) withstand the state's attempt at rebuttal, which the state can achieve by showing lack of prejudice beyond a reasonable doubt. Knight v. State, 394 So.2d 997 (Fla. 1981).
Appellant contends that his trial lawyer (1) failed to develop and present available evidence of mitigating circumstances at the sentencing phase of the trial; (2) failed to request individual examination of prospective jurors; and (3) failed to adequately conduct the examination of prospective jurors regarding the effects of pre-trial publicity. From the record we find to the contrary. Defense counsel did attempt to present and succeeded in presenting evidence of mitigation and evidence pertaining to appellant's background, going beyond the statutory mitigating factors. There was no omission and no deficiency. The failure to request individual voir dire of veniremen was within the range of performance expected of competent attorneys and was not a deficiency. The voir dire of prospective jurors that was conducted was thorough and met the applicable standard of performance. Thus there was no omission and no deficiency.
Appellant's remaining point regarding ineffectiveness of counsel relates not to *164 the actual conduct of defense counsel but focuses on the court's denial of defense counsel's motion to withdraw. Appellant asserts that there was a clear showing prior to his trial that an irreconcilable conflict existed between himself and his appointed attorney, an assistant public defender. The court's refusal to appoint a different attorney, appellant argues, deprived him of effective assistance of counsel. At the hearing in the court below it was established that the difficulty between appellant and his lawyer was due to appellant's refusal to communicate with the lawyer. The court ruled that this constitutes no ground for holding that there was a denial of effective assistance of counsel. The court also noted that since the issue of withdrawal was presented to the trial court and ruled on, it could have been argued on appeal and therefore is not a proper matter to relitigate on a Rule 3.850 motion. We agree on both points, and therefore deny relief on this issue. A defendant must not be allowed to refuse to cooperate with his attorney and then attempt to create an issue of ineffective counsel on the basis of his refusal to cooperate.
Accordingly, the denial of the motion for post-conviction relief under Rule 3.850 is affirmed.

Petition for Habeas Corpus
In seeking a writ of habeas corpus to relieve him of the judgment and the sentence of death, petitioner argues that he was not afforded his constitutional right to a meaningful appeal in that his appellate counsel failed to render reasonably effective assistance of counsel. The failings which petitioner sets out can be classified as relating either to matters arising out of the guilt-or-innocence phase of the trial or matters arising out of the sentencing phase. With regard to the guilt phase, petitioner asserts that his appellate counsel was ineffective by reason of (1) failure to raise the question of trial court error in excluding proffered defense testimony that would have undermined the evidentiary link between the defendant and the murder weapon; (2) inadequately presenting on appeal the question of whether certain statements of the defendant to police officers should have been suppressed as improperly obtained; and (3) failure to brief on appeal the issue of whether the court had erred in denying defense counsel's motion to withdraw.
With regard to the sentencing phase, petitioner asserts that his appellate counsel was ineffective by reason of (1) failure to raise on appeal the question of whether the trial court restricted the jury's and its own consideration of mitigation to statutory mitigating circumstances; (2) failure to argue that the trial court's instructions had shifted to the defendant the burden of proving mitigating circumstances; (3) failure to argue that the trial court had erred in finding the capital felony heinous, atrocious, and cruel; and (4) failure to argue that section 921.141(5)(d), Florida Statutes (1975), was unconstitutionally vague due to statutory changes in the criminal laws pertaining to rape.
At the trial, the state presented evidence of statements of the defendant to the effect that he had stolen a certain .22 caliber rifle in a previous burglary, and the rifle was then established as having been the murder weapon. The defense sought to introduce the testimony of a police officer to the effect that Lee O. Martin had also participated in the previous burglary. The trial court declined to admit this testimony on the ground of lack of relevancy. If that ruling was error, then it was harmless because the record shows that there was other evidence of Martin's participation in the antecedent burglary and defense counsel freely discussed it in closing argument. Appellate counsel was not obliged to argue the issue on appeal since appellate counsel's responsibility is to present, in as compelling a manner as possible, those contentions that are most likely to be successful, and taking into consideration the limitations of time and space that necessarily accompany the taking of an appeal.
Petitioner says that his appellate counsel inadequately presented the question of whether the court erred in admitting *165 appellant's statements regarding the previous burglary. While appellate counsel argued that the testimony was improper collateral crime evidence, he did not argue that appellant's statement had been obtained through improper interrogation practices. Looking at the record, however, we find that the issue is not so clear that appellate counsel's foregoing it must be seen as a substantial deficiency.
Petitioner argues that his appellate counsel should have argued that the trial court erred in denying defense counsel's motion to withdraw. As we pointed out in connection with the Rule 3.850 appeal above, the motion was based on the defendant's lack of cooperation. In denying the motion to withdraw, the trial court concluded that there was no alternative to representation by the public defender's office since appointment of a new attorney would not have changed the defendant's uncooperative attitude. An argument on appeal that the ruling was error would not have stood much chance of success. Therefore the tactical decision to abandon the issue was not a substantial deficiency and, even if it was, a different decision by counsel would most likely not have changed the outcome.
Regarding asserted errors in the sentencing phase, petitioner says his appellate counsel was ineffective in that he did not argue that the trial judge improperly restricted himself and the jury to consideration of statutory mitigating circumstances. Contrary to petitioner's assertions, the trial judge's application of the statute, his rulings on evidence, and his instructions to the jury were not unconstitutionally restrictive. See Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). Furthermore, counsel need not be expected to anticipate developments in the law which make possible the raising of novel issues. Meeks v. State, 382 So.2d 673 (Fla. 1980). Finally, we note from the file of the appeal that counsel did present this issue in a supplemental brief when the decision in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), was published. Therefore we find no deficiency here.
Petitioner says his appellate counsel was deficient for failing to raise the issue of unconstitutional shifting of the burden to the defendant to prove his entitlement to have his life spared. However, since the instructions in question were in conformity with the law as stated in State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974), there was no improper shifting of the burden. Since there was no trial court error, there was no deficiency in not arguing the question on appeal. Jackson v. Wainwright, No. 60,271 (Fla. October 7, 1982).
Petitioner says that his appellate counsel was deficient for failure to argue that the trial court erred in finding the capital felony to be heinous, atrocious, or cruel. The trial judge, in making the finding, recited actions of the defendant at and around the time of the murder that did not strictly relate to the method of killing and the conduct of the defendant toward the victim. There were ample grounds, however, to support the finding that the murder was especially heinous, atrocious, and cruel. Therefore the omission to question the finding on appeal was not a deficiency. Even if there was a deficiency in failing to raise the issue, petitioner has not shown a likelihood that the outcome of the appeal would have been different had the issue been argued.
Petitioner says his appellate counsel should have argued that the capital felony sentencing law is vague because one of the aggravating circumstances refers to murders in the course of rape and the law of rape has been changed by the adoption of the sexual battery statutes. The issue that petitioner says should have been raised is without merit. Adams v. State, 412 So.2d 850 (Fla. 1982). Therefore we cannot say the failure to raise it was a substantial deficiency in appellate counsel's performance.
*166 We find that petitioner has failed to establish that he was not afforded reasonably effective assistance of counsel on his appeal and therefore deny the petition for a writ of habeas corpus.
We now reiterate our rulings in these proceedings. The denial of the motion for post-conviction relief is affirmed. The petition for writ of habeas corpus is denied. The application for a stay of execution is denied.
It is so ordered.
NO MOTION FOR REHEARING WILL BE ALLOWED.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] This Court affirmed the judgment and sentence on Thomas's initial appeal. Thomas v. State, 374 So.2d 508 (Fla. 1979). The United States Supreme Court declined to review the decision. Thomas v. Florida, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).