ADKINS, Justice.
This is an appeal from an order of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County denying a motion for post-conviction relief. We have jurisdiction. Art. Y, § 3(b)(1), Fla. Const.
Appellant, Carl Jackson, was charged with robbery, kidnapping, and two counts of first-degree murder. The crimes are described in more detail in our opinion in Jackson v. State, 359 So.2d 1190 (Fla.1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979) (hereinafter Jackson I). Ms. Dedee Costello was appointed to represent appellant at trial and entered on his behalf a plea of not guilty. He was, however, found guilty on all counts.
At the conclusion of the sentencing phase of the trial, the jury recommended that appellant be put to death for both murders. The trial court concurred and imposed the death penalty, which this Court affirmed. Jackson I. Appellant thereafter filed in the circuit court, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, a motion for post-conviction relief alleging several infirmities in the conduct of his trial. The circuit court denied the motion and this appeal followed.
Three of the four issues argued by appellant are matters that could or should have been raised on direct appeal, and so are not cognizable in this proceeding. Adams v. State, 380 So.2d 423 (Fla.1980). Appellant’s allegations that the excusal of certain prospective jurors violated Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), could and should have been raised in his initial appeal to this Court. Meeks v. State, 382 So.2d 673 (Fla.1980). Similarly, he should have argued the questions of whether the trial court erred by not ordering a presentence investigation and whether the judge’s jury instructions and sentencing order violated the decision in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). We need not consider those three issues in this opinion.
The issue properly raised in this proceeding is appellant’s contention that the trial court erred in finding that he was afforded effective assistance of counsel at trial, sentencing, and appeal. First in the list of alleged errors and omissions is defense counsel’s “failure to adequately conduct discovery, investigate, and prepare in *149 anticipation of trial.” Appellant notes that his attorney deposed only one of the more than twenty potential witnesses named on a list provided by the state and so was “obviously disadvantaged” in her cross-examination of the state’s witnesses. The lack of depositions also hindered counsel’s attempts to have suppressed certain evidence introduced at trial, claims appellant.
Next in the list of alleged errors are the failure to timely object to the introduction of a fingerprint which appellant claims was not properly marked as his and counsel’s “ineffective” efforts to obtain a change in venue. Both are attributed to his attorney’s “lack of experience and preparation.”
Defense counsel’s voir dire examination of potential jurors is faulted in several ways. Appellant argues that the issues of pre-trial publicity and racial bias were only cursorily and ineffectively delved into, and that counsel’s Witherspoon inquiry was glaringly deficient. Also faulted are his counsel’s failure to request sequestered voir dire of certain prospective jurors and to ask for additional peremptory challenges after using the forty allotted appellant.
The total “failure to investigate and present a defense” is a significant example of the inadequate representation which he received, claims appellant. He argues that his lawyer was made aware of several individuals whose testimony might have provided an alibi defense, and that she failed to investigate and develop the same simply because an assistant state attorney assured her that the men in question would testify that they had not been with appellant at the relevant times. Finally, appellant notes that his counsel failed to request jury instructions on the effect of a jury recommendation of mercy and did not request a presentence investigation report before the trial court passed sentence.
In Knight v. State, 394 So.2d 997 (Fla.1981), we established the standards which must be met by a party alleging ineffective assistance of counsel as here. The four-part test requires:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. As was explained by Judge Leventhal in DeCoster III [United States v. DeCoster, 624 F.2d 196 (D.C.Cir. 1979)]: “To be ‘below average’ is not enough, for that is self evidently the case half the time. The standard of shortfall is necessarily subjective, but it cannot be established merely by showing that counsel’s acts or omissions deviated from a checklist of standards.” 624 F.2d at 215. We recognize that in applying this standard, death penalty cases are different, and consequently the performance of counsel must be judged in light of these circumstances.
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established.
394 So.2d at 1001 (footnote omitted).
Although appellant met the first requirement above, he failed to show that most of the omissions were serious deficiencies beyond what would be expected of competent counsel. His expert witness’ testimony that *150 defense counsel’s pre-trial discovery and motions were inadequate was countered by that of appellee’s expert witness who stated that the representation provided was “reasonably effective.” The trial court agreed with appellee’s witness and nothing in the record compels us to disturb that result.
The lack of objection to the labeling of the fingerprint also fails to convince us that counsel was ineffective. Even if we agreed that such was measurably below what is expected of competent attorneys, it certainly did not so prejudice appellant that he might otherwise not have been found guilty, since it was not disputed that his fingerprint was found at the scene.
The remainder of the alleged shortcomings may be dismissed in a similar manner. The “failure to investigate and present a defense” and to request instructions on the effect of a jury recommendation of mercy do not fall measurably below the standard expected of competent counsel. Although appellant is obviously dissatisfied with the result of the defense that was presented, we will not use the perfect vision of hindsight and label that defense incompetent. It was, under the circumstances, a reasonable strategy.
Defense counsel’s voir dire examination regarding pretrial publicity, racial bias, and imposition of the death penalty was not so lacking as to be considered incompetent. If it was deficient at all, it was not substantial enough to demonstrate a prejudice to appellant so severe that it affected the outcome of the proceedings. The reeord shows that appellant’s guilt was clearly and convincingly demonstrated by more than adequate evidence. Any shortcomings in voir dire were not the conclusive and decisive factors in his conviction.
As the trial court noted in denying appellant’s rule 3.850 motion, a “textbook defense” is not the requirement here. The trial court heard the arguments in the 3.850 hearing, considered the expert testimony presented by both sides, and determined that the representation afforded appellant was adequate. None of the arguments raised convince us that said decision was unsubstantiated or incorrect, and so the trial court’s decision is affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OYER-TON and MCDONALD, JJ., concur.
EHRLICH, J., dissents.