452 So.2d 533 (1984)
Carl JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Carl JACKSON, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Carl JACKSON, Petitioner,
v.
State of Florida, Respondent.
Nos. 65429, 65430 and 65431.
Supreme Court of Florida.
June 12, 1984.
*534 Larry G. Turner and Robert S. Griscti of Turner, Kurrus & Griscti, Gainesville, and William B. Salmon of the Law Offices of William B. Salmon, Gainesville, for appellant/petitioner.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee/respondent.
ADKINS, Justice.
This is an appeal from an order of the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County denying appellant's second motion for post-conviction relief. We also have before us a petition for habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const.
Carl Jackson (hereinafter appellant), was convicted of robbery, kidnapping, and two counts of first-degree murder. This Court affirmed the murder conviction and sentence of death in Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979) (hereinafter Jackson I). Appellant then filed a motion in the circuit court for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure *535 alleging several infirmities in the conduct of his trial. The circuit court denied the motion. This Court affirmed. Jackson v. State, 437 So.2d 147 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1016, 79 L.Ed.2d 246 (1984) (hereinafter Jackson II). Appellant then filed a second 3.850 motion in the circuit court, a motion for a hearing and appointment of experts for determinations of defendant's competency and for a stay of execution during the pendency thereof, and an application for a stay of execution. The circuit court denied the motions and this appeal followed. Appellant has also filed a petition for writ of habeas corpus in this proceeding. For the reasons which we express below, we affirm the denial by the circuit court of appellant's second 3.850 motion and his motion for a judicial determination of competency. Appellant's petition for writ of habeas corpus and his application for a stay of execution are also hereby denied.
Appellant contends in his second 3.850 motion that under the standard enunciated by the United States Supreme Court in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), he received ineffective assistance of counsel at his trial. He argues that the United States Supreme Court in that opinion announced new standards for assessing ineffectiveness claims and specifically rejected the standards of Knight v. State, 394 So.2d 997 (Fla. 1981), by which we judged appellant's claim in his first 3.850 motion.
In Knight v. State, this Court adopted four principles encompassed in United States v. DeCoster, 624 F.2d 196 (D.C. Cir.1979) (en banc), by which a claim of ineffective assistance of counsel must be judged:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel... .
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings... .
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact.
394 So.2d at 1001.
In Strickland v. Washington, the United States Supreme Court held that a defendant's claim of ineffective assistance of counsel has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
104 S.Ct. at 2064.
To further explain the appropriate test for proving prejudice, the Court then held that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 2068. We are of the opinion that this test does not differ significantly with the Knight standard of "a likelihood that the deficient conduct affected the outcome of the court proceedings;" hence, we do not reconsider our first opinion denying appellant's claim of ineffectiveness of trial counsel.
*536 Appellant argues next in his second 3.850 motion that the death penalty in Florida is imposed in an arbitrary and discriminatory manner on the basis of race. This issue has been foreclosed by this Court in Sullivan v. State, 441 So.2d 609 (Fla. 1983). More recently, the United States Supreme Court in Wainwright v. Ford, No. A-980, 3 (U.S. May 31, 1984), noted that "the statistical evidence relied upon by Ford to support his claim of discrimination was not sufficient to raise a substantial ground upon which relief might be granted." Appellant here relies on the same statistical evidence presented by Ford in his appeal; hence, there is no merit to this issue.
Finally, regarding appellant's other issues raised in his 3.850 motion, we agree with the trial judge that these could have been raised, should have been raised, or were raised in previous proceedings either on direct appeal or in his first 3.850 motion. Meeks v. State, 382 So.2d 673 (Fla. 1980).
Appellant has also filed a petition for writ of habeas corpus in this Court, alleging ineffective assistance of appellate counsel. We find that only one of these points merits discussion, because the alleged errors were not preserved at trial. Appellate counsel cannot be ineffective for failing to raise issues which were not properly preserved at trial, because the appellate court may not review those issues. State v. Barber, 301 So.2d 7 (Fla. 1974).
Appellant does allege that a proper objection was made in the trial court concerning an alleged Witherspoon [Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968)] violation. Juror Powell was excluded for cause after he stated that he "didn't believe in capital punishment." However, the record shows that defense counsel's objection was not to the excusal of the juror for cause on these grounds, but to the form of the prosecutor's question. Hence, this issue was not properly preserved at trial, and appellate counsel was not ineffective for failing to raise it on direct appeal. State v. Barber.
Appellant also alleges in his petition for writ of habeas corpus that this Court failed to consider an issue properly raised by him in his direct appeal in Jackson I, to wit, that the trial court erred in overruling Jackson's trial counsel's objection to the prosecutor's statements that unless strong mitigating circumstances were demonstrated, the jury must return death verdicts.
Our capital sentencing statute, section 921.141, Florida Statutes (1983), requires this Court to review the entire record in each capital case to determine if the judgment of conviction and sentence was proper. The absence of discussion in our written opinion in this case is not an indication that we did not carefully review the entire record and each argument made by appellate counsel in the direct appeal. We did not abrogate our duty in this case; therefore, we see no reason to disturb appellant's conviction and sentence on this basis.
Finally, in his petition for habeas corpus, as well as in a separately filed petition for issuance of this Court's writ of extraordinary relief, appellant requests two separate judicial determinations as to his competency. First, he requests that a hearing be held to determine whether he is competent to be executed. He argues that this judicial determination should be made in addition to and aside from that determination made under section 922.07, Florida Statutes (1983), by the governor's commission of psychiatrists. This issue has been adversely decided against appellant in our decision in Goode v. Wainwright, 448 So.2d 999 (Fla. 1984), and most recently in Ford v. Wainwright, 451 So.2d 471 (Fla. 1984).
Second, appellant requests a judicial determination of his competency to understand the nature of and assist his counsel in post-conviction proceedings. Appellant relies on section 916.11 and 916.12, Florida Statutes (1983), and Rule 3.210, Florida Rules of Criminal Procedure to support his argument. This reliance is misplaced, however, because the statutes and the rule both address the issue of a judicial determination of competency related to criminal trial proceedings. These do not *537 apply to a 3.850 motion because the designation of the criminal procedure rule is a misnomer in that the proceeding is civil in nature, rather than criminal, and is likened to a combination of the common-law writ of habeas corpus and a motion for writ of error coram nobis. Dykes v. State, 162 So.2d 675 (Fla. 1st DCA 1964). Therefore, we hold that appellant is not entitled to a judicial determination of his competency to assist counsel either in preparing a 3.850 motion or a petition for writ of habeas corpus.
Accordingly, the denial of appellant's second 3.850 motion is hereby affirmed. His petition for extraordinary relief, his petition for writ of habeas corpus, and his application for stay of execution are also hereby denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs specially with an opinion.
OVERTON, Justice, specially concurring.
Competency of a defendant to stand trial and competency of a defendant to aid his counsel in an appeal are not the same. In the first instance, a defendant has to be able to advise counsel of facts and circumstances to aid in his defense. In the second instance, the record has been made and counsel must make the legal decision of what issues should be appealed. Similarly, when post-conviction relief is sought, the competency of the defendant is significant only when there are factual matters in issue that must be determined. In my view, before a defendant may require a trial court to hold a hearing on his competency to aid counsel in a post-conviction relief proceeding, the defendant must show that there are specific factual matters that must be heard. That circumstance has not been established in this record and no prejudice has been specifically demonstrated by this defendant.