486 So.2d 574 (1986)
Daniel Morris THOMAS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, and R.L. Duggar, Superintendent of Florida State Prison, Respondents.
No. 68526.
Supreme Court of Florida.
April 7, 1986.
*575 Larry Helm Spalding, Capital Collateral Representative and Michael A. Mello, Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, Douglas N. Duncan of Foley, Colton and Duncan, and Robert E. Adler of Adler and Murrell, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., Tampa, for respondents.
BOYD, Chief Justice.
Daniel Morris Thomas, a state prisoner under sentence of death, petitions the Court for a writ of habeas corpus on the ground that his imprisonment and sentence pursuant to the judgment of a court of the State of Florida are illegal. He seeks a stay of the scheduled execution of sentence. Thomas was accused, tried, convicted, and sentenced according to law. His conviction and sentence were affirmed on appeal. The burden is on him to establish the illegality of the judgment and sentence. He has not done so. We therefore deny the petition for habeas corpus and the request for a stay.
Thomas was charged with first-degree murder, sexual battery, robbery, and burglary. The jury found him guilty as charged and recommended a sentence of death for the offense of murder. The trial court adjudicated Thomas guilty of first-degree murder and the other three felonies and sentenced him to death for the murder. On appeal, this Court affirmed the convictions and the sentence of death, finding, among other things, "that the evidence introduced at appellant's trial was sufficient to sustain his conviction." Thomas v. State, 374 So.2d 508, 513 (Fla. 1979). The United States Supreme Court denied Thomas's petition for review by certiorari. Thomas v. Florida, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).
Subsequently, Thomas filed a motion to vacate his conviction and sentence pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion and Thomas appealed. Thomas also filed a petition for writ of habeas corpus in this Court. We affirmed the denial of the rule 3.850 motion and denied the habeas corpus petition. Thomas v. State, 421 So.2d 160 (Fla. 1982).
Later still Thomas challenged the legality of his convictions and sentence by petition for habeas corpus in United States district court. Relief was denied. The United States Court of Appeals affirmed. Thomas v. Wainwright, 767 F.2d 738 (11th Cir.1985). The United States Supreme Court denied certiorari. Thomas v. Wainwright, ___ U.S. ___, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).
It is argued on behalf of petitioner Thomas that the process by which jurors are selected to sit on capital trial juries is unconstitutional. This is a matter upon which defense counsel at trial voiced no objection. Thus the right to argue the objection on appeal was waived and the issue foreclosed from any subsequent consideration. Habeas corpus is not available for the purpose of reviewing arguments that could have been raised but were not raised by timely objection at trial and argument on appeal. McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983); Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980).
The impropriety in the jury selection process relied upon by petitioner is the practice of questioning prospective capitalcase jurors about whether any of their attitudes or beliefs regarding capital punishment would prevent them from impartially considering the matters submitted to them under the instructions of the court. The petition for habeas corpus states: "In Mr. Thomas' case, veniremembers were excluded *576 for cause based on their death penalty scruples, even though such scruples would not have prevented those veniremembers from fairly considering guilt or innocence." This assertion is inaccurate. Only one of the prospective jurors identified in the petition as having been excused due to death penalty attitudes was excused for cause by the court. The others were removed by peremptory challenge. Moreover, the prospective juror excused for cause was disqualified for bias both on the matter of sentence and the matter of guilt or innocence.
As was stated above, because the argument presented now concerning the impropriety of the voir dire procedure used at trial was not raised and preserved by motion or objection at trial and argued on appeal thereafter, it is foreclosed from consideration and is not properly before us. See, e.g., Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985). The argument presented, even if it were held to have legal merit, would not pertain to a matter of fundamental error, and therefore the petitioner's previous waiver of the argument cannot be overcome.
Although we do not reach the merits of petitioner's argument, we note that the one prospective juror referred to in the petition that was excused for cause stated that his feelings concerning capital punishment would prevent him not only from participating impartially in the sentencing decision but would probably also prevent him from deliberating fairly concerning the issue of guilt or innocence. Therefore even if petitioner's suggestion that jurors unalterably opposed to the death penalty should be allowed to sit on the guilt phase of capital trials should have legal merit, the correctness of the exclusion for cause of the venireman in question would not be affected. He was excused for cause on grounds so clearly shown by his answers that defense counsel abandoned his rehabilitative efforts and acquiesced in the court's ruling. If the merits of the argument were properly before us, we would find no error. Wainwright v. Witt, ___ U.S. ___, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); Adams v. Texas, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980); Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
The other jurors petitioner identifies as having been improperly excused were excused by peremptory challenge. No motion or objection was interposed at trial on the ground of improper use of peremptory challenges. Therefore, any reliance on such use as a point of law was waived and is foreclosed from consideration. The pendency of Grigsby v. Mabry, 758 F.2d 226 (8th Cir.) (en banc), cert. granted sub nom, Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985), on review before the United States Supreme Court provides no support to petitioner's challenge to his conviction based on the use of peremptory challenges. Adams v. Wainwright, 484 So.2d 1211 (Fla. 1986).
Petitioner also argues that the process of explaining the two phases of a capital trial to prospective jurors and establishing their qualifications has the effect of improperly prejudicing them in favor of the state on both guilt or innocence and on the sentencing question. This argument predictably ignores the defense-oriented portion of the voir dire procedure, in which defense counsel is permitted to inquire into jurors' understanding and acceptance of (and thereby to educate them about) such concepts as the presumption of innocence, the state's burden of proof, and so forth. The question of the legal propriety of the procedure used is, again, not cognizable in this habeas corpus proceeding and is not properly before us.
The petition for a writ of habeas corpus is denied. The motion for a stay of execution is denied.
It is so ordered.
ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
*577 EHRLICH and BARKETT, JJ., concur as to the denial of the petition for writ of habeas corpus, but would grant the motion for stay of execution.