BOYD, Chief Justice.
This is an appeal from the order of the circuit court denying the motion of Daniel Morris Thomas for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm the order of the trial court.
Appellant was convicted of first-degree murder and other crimes and was sentenced to death. His convictions and sentence were affirmed on appeal. Thomas v. State, 374 So.2d 508 (Fla.1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980). He later filed a motion to vacate and a petition for habeas corpus. This Court affirmed the denial of post-conviction relief and denied the habeas petition. Thomas v. State, 421 So.2d 160 (Fla.1982). Thomas also sought a writ of habe-as corpus in United States District court. The court’s denial of relief was affirmed on appeal. Thomas v. Wainwright, 767 F.2d 738 (11th Cir.1985), cert. denied, — U.S. -, 106 S.Ct 1241, 89 L.Ed.2d 349 (1986). Recently Thomas filed a second petition for habeas corpus with this Court. We denied the petition. Thomas v. Wainwright, 486 So.2d 574 (Fla.1986).
All of the claims in appellant’s current motion are matters that should have been raised at trial and on appeal, that could have been raised on appeal but were not, that were presented on appeal and decided adversely to appellant’s position, that were raised and rejected in one of appellant’s previous collateral challenges, or that were inexcusably omitted from his previous rule 3.850 motion. See Adams v. State, 484 So.2d 1216 (Fla.1986). We therefore find *578 that the trial court was correct in denying the present motion without an evidentiary hearing. The record conclusively shows that appellant is not entitled to have the judgment or sentence vacated, set aside, or modified.
The order of the circuit court denying the motion for post-conviction relief is affirmed. The motion for stay of execution is denied.
No petition for rehearing will be permitted in this case. It is so ordered.
ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW and BARKETT, JJ., dissent.