495 So.2d 172 (1986)
Ed Clifford THOMAS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, and R.L. Dugger, Superintendent of Florida State Prison, Respondents.
No. 68573.
Supreme Court of Florida.
October 2, 1986.
*173 Larry Helm Spalding, Capital Collateral Representative, Mark E. Olive, Litigation Director and Mark A. Evans, Asst. Capital Collateral Representative of the Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Robert L. Teitler, Robert S. Jaegers and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for respondents.
BOYD, Justice.
This cause is before the Court on a petition for writ of habeas corpus. Petitioner Ed Clifford Thomas is a state prisoner under sentence of death. He sought a stay of the execution of sentence previously scheduled for April 15, 1986. On April 11, 1986, this Court granted a stay of execution to permit evaluation of the petition. We now deny the petition for habeas corpus. The previously entered stay of execution is vacated.
Petitioner was convicted of two counts of first-degree murder. He was sentenced to life imprisonment for the first murder he committed and to death for the second murder. On appeal, this Court affirmed the convictions and the sentence of death. Thomas v. State, 456 So.2d 454 (Fla. 1984). Questions pertaining to petitioner's guilt of the two murders, the essential fairness of the trial, and the propriety of the sentence of death imposed for the second murder were finally settled by this Court's decision on that appeal and are not now open to reconsideration.
Petitioner claims that he was not given effective assistance of counsel on appeal and relies on a series of instances of purported acts or omissions of appellate counsel. The burden is on the petitioner to show "specific errors or omissions" that "deviated from the norm or fell outside the range of professionally acceptable performance" and also that the deficiency prejudiced the appeal to the extent that "confidence in the fairness and correctness of the outcome" is undermined. Johnson v. Wainwright, 463 So.2d 207, 209 (Fla. 1985). See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Downs v. State, 453 So.2d 1102 (Fla. 1984).
First petitioner says that appellate counsel was ineffective in that he did not ensure that the presentence investigation report ordered and reviewed by the trial court prior to sentencing was made a part of the record forwarded to this Court when the appeal was taken. Presentence investigation reports in capital cases are typically not placed in the court file for inclusion in the record on appeal because circuit court judges generally prefer to keep the reports, or portions of them, sealed and thus withheld from the possibility of public viewing. The reason for this is that sometimes persons interviewed by the preparers of the reports are promised confidentiality. When a presentence investigation is used by the trial court in a capital case appealed to this Court, this Court usually secures a copy of the report from the Department of Corrections. Thus the report in such cases is never formally made part of the record forwarded by the Clerk of the Circuit Court. Appellate counsel cannot be faulted for not ensuring the inclusion in the record of documents not placed in the record by the presiding judge. The fault, if any, lies with this Court for not being aware that the report had not been provided to us.
However, there was no possibility of prejudice from the fact that the report was not before this Court in that the information provided and opinions expressed in the report were merely cumulative and repetitive of the information and views brought out by testimony at the sentencing phase of the trial. While the trial judge did review the report, he did not rely on it exclusively or heavily in making the decisions on sentencing. The sentencing order contained a recitation of all the information and reasoning necessary to enable this Court to provide full and adequate appellate review.
Petitioner says that his appellate counsel was ineffective in not arguing that the court had imposed the sentence of *174 death based on information that defense counsel had no opportunity to explain, rebut, or deny in violation of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). In this regard petitioner relies on the fact that defense counsel at trial did not review the presentence investigation report before sentence was imposed. However, there is no showing that defense counsel at trial did not have an opportunity to review and challenge the report before sentencing. While there is some suggestion that defense counsel at trial could have done more to prepare for the hearing at which the sentences were imposed, this does not establish any ineffectiveness of appellate counsel as alleged in the petition. Because the defense had adequate notice of the final hearing on sentencing and of the availability of the report for review prior to that time, appellate counsel would not have been on firm ground in arguing that there was a Gardner violation. Where a particular legal argument, had it been argued, would in all probability have been found without merit, the omission to raise it will not be deemed a deficiency. E.g., Jackson v. State, 452 So.2d 533 (Fla. 1984); Francois v. State, 423 So.2d 357 (Fla. 1982). Moreover, the question of ineffectiveness of trial counsel, upon which we make no pronouncement here because it is not before us, could not have been raised on appeal because it was not initially presented to the trial court.
Furthermore, it should be noted that trial counsel filed a motion for rehearing regarding the sentence. The trial court held a hearing on the motion, at which time the defense was given the opportunity to challenge the findings in the report. The trial judge addressed the objections orally but found no basis to revisit the matter of the death sentence. The judge indicated that he had considered the report, was aware of its deficiencies and had imposed sentence based on his independent judgment. Thus it is clear there was no Gardner-type infirmity and thus it would have been futile to argue the matter on appeal.
Petitioner says that appellate counsel was deficient in neglecting to argue that the trial court had improperly limited itself to consideration of only statutory mitigating circumstances. We find, however, that appellate counsel cannot be deemed ineffective for this omission because the argument would not have obtained any benefit for the defendant on appeal. Jackson; Francois.
It is not lightly to be concluded that the trial court disregarded the law, under which he was required to consider any matters presented that were relevant to any reasonable ground of mitigation, statutory or nonstatutory. Indeed, an appellate court presumes that a trial court judge followed the law. The fact that in his sentencing findings the trial judge does not specifically address the defendant's evidence and arguments presented in support of mitigating factors does not mean he did not consider all the matters presented. Brown v. State, 473 So.2d 1260, 1268 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). The defense was freely allowed to present evidence and argument to the judge and the jury based on both statutory and nonstatutory mitigating circumstances. This indicates that the judge did not exclude nonstatutory mitigating factors from his consideration Middleton v. State, 465 So.2d 1218, 1226 (Fla. 1985).
Next petitioner argues that his appellate counsel was ineffective in failing to convince this Court that the trial court had erred in imposing a sentence of death. Appellate counsel did argue that a sentence of life imprisonment was the appropriate sentence under the law in view of the jury's recommendation of such sentence. Petitioner's present argument appears merely to seek to relitigate the point and ascribes ineffectiveness to appellate counsel's efforts simply because they did not succeed. Thus petitioner's argument fails to establish a deficiency in counsel's performance. Steinhorst v. Wainwright, 477 So.2d 537, 540-41 (Fla. 1985). Appellate counsel is faced with a very high hurdle in trying to *175 convince this Court that mitigating circumstances were proven when the judge who presided at trial has declined to find same from the evidence. E.g., Suarez v. State, 481 So.2d 1201, 1210 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986). No departure from the broad range of acceptable performance by appellate counsel has been shown.
Next petitioner argues that appellate counsel was deficient in omitting to argue that the trial court had erred in ruling that the parties would not be permitted to "backstrike" prospective jurors. It was within the range of reasonable choice by counsel to decide not to pursue this issue because there had been no legally sufficient objection at trial. Argument of this issue on appeal depends on proper preservation of the issue by a subsequent attempt to "backstrike." Rivers v. State, 458 So.2d 762, 764 (Fla. 1984). "Appellate counsel cannot be ineffective for failing to raise issues which were not properly preserved at trial, because the appellate court may not review those issues." Jackson v. State, 452 So.2d 533, 536 (Fla. 1984).
Petitioner argues that appellate counsel was ineffective in failing to argue that a juror who sat on the jury had not been sworn. We find this contention to be without merit. There was nothing in the trial court record to indicate so clearly that such infirmity existed as to compel appellate counsel to argue the matter on appeal. Appellate counsel need not put forth every conceivable issue but must concentrate on those offering some chance of doing the client some good. Moreover, we find no merit in petitioner's assertion that a juror sat on his jury without having been sworn.
We similarly find that there was not such clear, preserved, prejudicial error shown on the record as to require that appellate counsel, to be effective, had to argue the issue of the trial judge's momentary absence from the courtroom during voir dire.
In addition to his ineffective counsel claims discussed above, petitioner argues that he is entitled to habeas corpus relief on the ground of (1) the improper procedure used to qualify prospective jurors to sit on capital trial juries and (2) the peremptory challenge to a particular juror, alleged by petitioner to have been excused because of his reservations concerning capital punishment.
Petitioner's challenge to the jury qualification procedure is a matter that should have been raised by objection at trial and argument on appeal and is therefore not cognizable on a petition for habeas corpus. Thomas v. Wainwright, 486 So.2d 574 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 1623, 90 L.Ed. 173 (1986); Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986). The same principle applies to his argument regarding the use of a peremptory challenge. Peremptory challenges can be exercised for a great variety of reasons. Objections to their use for improper reasons should be made before the trial court so that an immediate inquiry can be made if justified. Here the challenge in question may well have been made for reasons other than the venireman's expression of views on capital punishment.
Moreover, we have rejected challenges to the constitutionality of the procedure. E.g., Kennedy v. Wainwright. Petitioner's arguments pertaining to the jury qualification procedure and the peremptory challenge, based on the pendency of the issue before the United States Supreme Court, must fail because that Court has now rejected the constitutional challenge. Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).
Finding no merit to the petitioner's challenges, we deny the petition for habeas corpus. The previously entered stay of execution is now vacated.
It is so ordered.
ADKINS, OVERTON and EHRLICH, JJ., concur.
McDONALD, C.J., concurs with an opinion.
SHAW, J., concurs in result only.
BARKETT, J., dissents with an opinion.
*176 McDONALD, Chief Justice, concurring.
In the original appeal I expressed the view that, because of the jury's recommendation of life, the trial judge should not have imposed the death penalty. I agree that there were legally sufficient grounds for the trial judge to take the action he did and had there been a recommendation of death I would have had no quarrel with the sentence. The majority of the Court found that the sentence of death was proper. That is the law of the case.
The issue presented here is whether our decision to uphold the conviction and sentence is tainted because of improper or inadequate presentation of issues to us by appellate counsel. I can perceive no such deficiencies and therefore agree that habeas corpus relief should be denied.
BARKETT, Justice, dissenting.
I do not believe that the record supports the majority's conclusion in this case. The record reflects that the presentence investigation report was submitted to the trial judge's office on the Friday evening before the Monday morning of sentencing. That alone, in my opinion, constitutes an inadequate opportunity for defense counsel to review and challenge the report before sentencing. The record is silent as to whether defense counsel was notified Friday night of the existence of the report. It is undisputed, however, that defense counsel had not seen the report prior to the imposition of the death sentence on the following Monday morning.
The report is significant in this case as the record reveals that the trial judge relied heavily upon it. He continued the sentencing hearing three times for the sole purpose of receiving the PSI, stating several times that he would not impose sentence until he had seen it. Nor does the record support the majority's conclusion that the information provided in the PSI was "merely cumulative" of that brought out during the sentencing phase of the trial. The PSI contained improper and incorrect "information" not presented at sentencing. For example, in spite of the lack of any prior criminal record on the part of the defendant, the preparer of the PSI described him as an habitual offender. The jury  which heard the evidence presented at sentencing but was not exposed to the error-ridden PSI  unanimously recommended life imprisonment. The only evidence which the judge saw and the jury did not was the PSI.
In Barclay v. State, 362 So.2d 657, 658 (Fla. 1978), this Court indicated that a defendant must have a "meaningful" opportunity to confront inaccuracies in a PSI. In this case, even assuming that defense counsel was notified Friday evening of the completion of the report, two days (Saturday and Sunday) hardly provide a "meaningful" opportunity to review the material therein and prepare to rebut it.
An "adequate opportunity to rebut or explain" a PSI must include time for counsel to read and evaluate the report, consult with his client and others, and prepare a "meaningful" rebuttal. In Barclay, this Court directed the lower court to provide a hearing at which the defendant would have a meaningful opportunity to contest inaccuracies in the PSI. This Court then stated:
This direction, of course, requires that the defense have access to the reports-in-full with sufficient time before the hearing to prepare rebuttal.
Id. at 658 (emphasis supplied).
It is true that trial counsel (inexcusably, in my opinion)[*] failed to object to the lack of time for reviewing the report and failed to ask for a continuance to do so. Trial counsel did, as the majority notes, file a motion for rehearing, alleging that he was not prepared for sentencing and requesting a rehearing to contest the probation officer's determination. However, he never pursued the issue by arguing his lack of preparation or requesting a further evidentiary hearing. Moreover, the judge never entered a written order on the motion. I believe that appellate counsel, in spite of the shortcomings of trial counsel, should *177 have argued the fundamental error presented under Gardner, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). As the Court pointed out in Gardner:
We conclude that petitioner was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain.
Id. at 362, 97 S.Ct. at 1206. See also Skipper v. South Carolina, ___ U.S. ___, 106 S.Ct. 1669, 1674, 90 L.Ed.2d 1 (1986) (Powell, A.J., concurring).
Lastly, I also believe that it is the responsibility of appellate counsel to assure that the appropriate record is present before the court. There is no question that this Court, when initially reviewing Thomas' death sentence, requested a copy of the PSI which was apparently never received by this Court. This is a clear violation of Gardner, which provides:
[S]ince the judge found, in disagreement with the jury, that the evidence did not establish any mitigating circumstance, and since the presentence report was the only item considered by the judge but not by the jury, the full review of the factual basis for the judge's rejection of the advisory verdict is plainly required.
430 U.S. at 362, 97 S.Ct. at 1206.
Although petitioner's counsel has filed herewith what he believes is the original PSI, he avers that he has no way of knowing whether it is indeed the complete PSI unless he returns to the trial court. I believe that compliance with Gardner would require trial courts to place in the record everything that has been considered in the imposition of a death sentence, including the presentence investigation reports. There is no way to assure that the presentence investigation reports which this Court obtains directly from the Department of Corrections are the same as those considered by the sentencing court. It is elemental due process that a reviewing court should have before it the exact material that the trial court utilized in imposing the sentence under review.
Accordingly, I would grant the petition for habeas corpus and permit a new appeal.
NOTES
[*] The question of ineffectiveness of trial counsel is not before us.