prove by a preponderance of the evidence that aggravating circumstances must outweigh mitigating circumstances before a sentence of death could be returned." *Huffington* v. *Maryland*, 478 U. S. 1023, 1027 (1986) (MARSHALL, J., dissenting from denial of certiorari).

I adhere to my belief that the Maryland statute, as written, and as applied, unconstitutionally places the burden of proof on capital defendants at the sentencing phase of their trials. I would grant the petition for certiorari.

No. 86–5965. MORGAN ET AL. *v.* UNITED STATES. C. A. D. C. Cir. Certiorari denied. JUSTICE SCALIA took no part in the consideration or decision of this petition.

No. 86–5991. MULLIGAN *v.* KEMP, WARDEN. C. A. 11th Cir.; and

No. 86–6094. TUCKER *v.* KEMP, WARDEN. C. A. 11th Cir. Certiorari denied. JUSTICE BLACKMUN would grant certiorari.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 86–6204. MCMURTREY *v.* ARIZONA. Sup. Ct. Ariz.; and

No. 86–6227. THOMAS *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS. Sup. Ct. Fla. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 85–7163. LOCKHART *v.* MCCOTTER, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS, 479 U. S. 1030. Petition for rehearing denied.