529 So.2d 1081 (1988)
Carl JACKSON, Petitioner,
v.
Richard L. DUGGER, etc., et al., Respondents.
No. 71960.
Supreme Court of Florida.
June 16, 1988.
Rehearing Denied September 19, 1988.
Larry G. Turner, Robert S. Griscti and Bill Salmon, Gainesville, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondents.
PER CURIAM.
This is a petition for writ of habeas corpus in which petitioner, Carl Jackson, seeks to set aside his death sentence under the rationale of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We have jurisdiction. Art. V, §§ 3(b)(1) & (9), Fla. Const.
In Hitchcock the United States Supreme Court found reversible error where the jury was instructed to consider only statutorily enumerated mitigating circumstances and where the trial judge did not consider nonstatutory mitigating circumstances. Jackson is not barred from raising this claim since Hitchcock represented a significant change in the law which defeats the suggestion of procedural default. Thompson v. Dugger, 515 So.2d 173 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988); Downs v. Dugger, 514 So.2d 1069 (Fla. 1987).
Jackson was convicted of two counts of first-degree murder and sentenced to death. The judgment and sentence were affirmed in Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979). Subsequent motions for postconviction relief were also denied. Jackson v. State, 437 So.2d 147 (Fla. 1983), cert. denied, 465 U.S. 1013, 104 S.Ct. 1016, 79 L.Ed.2d 246 (1984); Jackson v. State, 452 So.2d 533 (Fla. 1984).
In the course of robbing a Jr. Food Store, Jackson shot and killed the store clerk, Ann Patterson Butler. He then kidnapped Mary Frances Price who was sitting in a car outside the store. Jackson drove Mrs. *1082 Price to a nearby cemetery where he shot her in the head and abandoned the automobile.
At the trial the judge read the standard jury instruction of that time which was found faulty twelve years later in Hitchcock. The jury recommended death by an eleven-to-one vote. In imposing the death sentence, the trial judge found five aggravating circumstances (reduced by this Court to four because of doubling) and found no mitigating circumstances. It is unclear whether the trial judge knew that he could consider nonstatutory mitigating evidence. On the one hand, he did not limit Jackson in the introduction of nonstatutory mitigating evidence. On the other, he did give the improper jury instruction, and his sentencing order made reference to insufficient mitigating circumstances "as enumerated" in section 921.141(6), Florida Statutes.
In any event, because of the erroneous jury instruction, we are compelled to conclude that a sentencing error occurred under the rationale of Hitchcock. Therefore, the only remaining question is whether such error can be considered harmless. Hitchcock; Booker v. Dugger, 520 So.2d 246 (Fla. 1988); Delap v. Dugger, 513 So.2d 659 (Fla. 1987).
The nonstatutory mitigating evidence introduced at the trial may be summarized as follows. A psychologist who had interviewed Jackson three times testified that Jackson told him of serving three tours of duty in Vietnam before receiving a general discharge. Jackson related that as a result of his Army service, he no longer approved of killing. The psychologist was impressed with Jackson's religious philosophy. He expressed no opinion concerning Jackson's mental condition. A woman with whom Jackson was living said that he was good to her and her children. She had not known him to be violent except on one occasion during an encounter with her husband. Jackson's niece also testified that he was not violent. She said that he was a religious person, although he did not belong to a church. A minister who had known Jackson most of his life said that they often talked about religion. Jackson had told him that he felt that the world was lacking in love. He said that Jackson had a good reputation.
Viewed in its best light, the nonstatutory mitigating evidence was minimal. We are convinced beyond a reasonable doubt that even with the proper jury instruction, the jury would not have made a recommendation of life imprisonment for this double murder. There was simply insufficient mitigating evidence to offset the aggravating circumstances upon which the jury could have reasonably predicated such a recommendation. We are also convinced beyond a reasonable doubt that, regardless of a jury recommendation of life imprisonment, the trial judge would have sentenced Jackson to death even if he was fully aware that nonstatutory mitigating evidence was relevant. Moreover, on this evidence, an override would have been consistent with the rationale of Tedder v. State, 322 So.2d 908 (Fla. 1975). See Hall v. State, 531 So.2d 76 (Fla. 1988), in which this Court recently held a Hitchcock error to be harmless because of minimal nonstatutory mitigating evidence where only one killing was involved.
We deny the petition for writ of habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
I dissent from the majority opinion. I cannot say beyond a reasonable doubt that the jury would not have recommended a life sentence had they been instructed by the trial judge that they could consider as mitigating circumstances the defendant's three tours of combat duty in Vietnam. If having been so instructed they returned a life recommendation, the trial judge, under Tedder v. State, 322 So.2d 908 (Fla. 1975), would not have been able to override this *1083 recommendation, since the jury would have had a reasonable basis for their action.
I would, therefore, grant the petition for a writ of habeas corpus, vacate the sentence of death and remand this case to the trial court for a new sentencing proceeding before a new jury.
BARKETT, J., concurs.