546 So.2d 716 (1989)
Edward Clifford THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 72154.
Supreme Court of Florida.
July 6, 1989.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas and Timothy D. Schroeder, Staff Attys., Office of Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Edward Clifford Thomas appeals from the trial court's order denying his motion to vacate or modify judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons which follow we vacate Thomas' sentence of death and remand this case for a full sentencing hearing before the trial judge.
Thomas was convicted in 1981 of two counts of first-degree murder. Over a unanimous jury recommendation of life, the trial court sentenced Thomas to death on one of the counts, finding four valid aggravating circumstances and two statutory mitigating circumstances. On direct appeal, this Court affirmed both the judgment and the sentence. Thomas v. State, 456 So.2d 454 (Fla. 1984). Following the signing of a death warrant in 1986, this Court granted a stay of execution but later denied Thomas' petition for a writ of habeas *717 corpus. Thomas v. Wainwright, 495 So.2d 172 (Fla. 1986), cert. denied, 480 U.S. 911, 107 S.Ct. 1360, 94 L.Ed.2d 530 (1987).
At that time, Thomas filed this rule 3.850 motion which the trial court denied without an evidentiary hearing in February of 1988. This appeal followed. Thomas raises several points of error on appeal.[1] We believe that the record in this case leaves unresolved the question of whether the trial court considered nonstatutory mitigating evidence. Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). There is no doubt that the jury was told it could not consider nonstatutory mitigating factors. This fact, coupled with certain comments made by the trial court, leads us to the conclusion that the trial court did not consider nonstatutory mitigating circumstances during the sentencing proceeding. It is therefore necessary to have a new sentencing proceeding before the trial court. At that proceeding both parties may present all available evidence in aggravation or mitigation relevant to the issue of the appropriate sentence in this case. Although no jury is to be impaneled, Thomas will have the benefit of the first jury's recommendation of life.
The other issues pertaining to the sentence raised by Thomas, including the issue of counsel's alleged ineffectiveness at the sentencing phase, are rendered moot by our holding that a new sentencing hearing is required. Thomas' claim that counsel was ineffective during the guilt phase is wholly without merit.
Accordingly, we vacate Thomas' sentence of death and remand this case to the trial court for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] These issues are:

1) whether the failure to conduct an evidentiary hearing was error;
2) whether the trial court failed to consider nonstatutory mitigating evidence;
3) whether Thomas received effective assistance of counsel;
4) whether Thomas was improperly denied the opportunity to rebut information contained in the presentence investigation report;
5) whether the trial court's jury override was proper;
6) whether Thomas' attorney client privilege was violated;
7) whether Thomas' guilty verdict was the product of an improper deal by members of the jury;
8) whether Thomas' sole mental health expert failed to conduct a professionally competent and appropriate examination; and,
9) whether this Court erred in precluding consideration of lingering doubt as a mitigating circumstance.
Issues 5, 6, 7, 8, and 9 could have been, or were raised on direct appeal, and are thus procedurally barred in this proceeding. The first four issues raised are not barred and must be dealt with at this juncture.