Arthur Frederick GOODE, Jr., Individually and as next friend acting on behalf of Arthur Frederick Goode, III, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary of Corrections, Dept. of Corrections of the State of Florida, et al., Respondents-Appellees.

No. 84–3224.

United States Court of Appeals, Eleventh Circuit.

April 4, 1984.

Sanford Bohrer, Charles Senatore, Miami, Fla., for petitioner-appellant.

Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before GODBOLD, Chief Judge, and RONEY and TJOFLAT, Circuit Judges.

BY THE COURT:

Petitioner Arthur Frederick Goode, III, through his father and next friend, is a Florida prisoner under sentence of death for killing a ten-year-old boy. For the previous history of this case see *Goode v. Wainwright*, 704 F.2d 593 (11th Cir.1983); *Wainwright v. Goode*, —— U.S. ——, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Goode v. Wainwright*, 725 F.2d 106 (11th Cir.1984).

In our 1984 opinion we affirmed the denial of the writ. Then, pursuant to Florida Statute 922.07, the governor of Florida entered an executive order appointing a commission of three psychiatrists to examine Goode. The members of the commission advised the governor that, based upon their examination, Goode (in the language of the statute) understood the nature and the effect of the death penalty and why it was to be imposed upon him. Thereafter, on March 6, the governor signed a warrant directing the execution of Goode; execution is scheduled for April 5, 1984.

On March 30, 1984 Goode filed a petition for Writ of Habeas Corpus in the Supreme Court of Florida, and that court entered its opinion and decision April 2. Goode raised two issues for the first time: (1) that he is presently insane and that it violates the Constitution to execute an insane person, and (2) that Florida Statute 922.07 denies him procedural due process. The Florida Supreme Court rejected both issues on the merits.

On April 3 petitioner filed in the United States District Court, M.D. Florida, a petition for the writ of habeas corpus, raising only the two issues that had been raised in the Florida Supreme Court. The district court, without a hearing but with a lengthy opinion, denied the writ April 4, 1984. The court denied a certificate of probable cause and denied a stay of execution.

■ The matter is now before this court on notice of appeal, application for CPC, and motion for stay of execution and for emergency relief.

The second claim, the attack on the Florida statute, is made on procedural due process grounds. We hold that the statute meets minimum standards required by procedural due process. *Solesbee v. Balkcom*, 339 U.S. 9, 70 S.Ct. 457, 94 L.Ed. 604 (1950); *see also Caritativo v. California*, 357 U.S. 549, 78 S.Ct. 1263, 2 L.Ed.2d 1531 (1958).

■ The first claim is rooted in substantive due process and the eighth amendment. In its opinion of April 2 the Florida Supreme Court held that in Florida an insane person cannot be executed. There has been no conclusive determination whether there is such a constitutional entitlement under federal law.[1] Assuming that there is such a right, we agree with the district court that petitioner is barred from raising it in this case because of abuse of the writ. *Woodard v. Hutchins*, —— U.S. ——, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984); Rule 9(b) foll. 28 U.S.C. § 2254.

In his first federal habeas case Goode contended that he was not competent to stand trial or to waive trial counsel. This court rejected both contentions. 704 F.2d at 596–99. Petitioner asserts that his substantive due process/eighth amendment claim is a newly ripened claim that could not be presented until the governor had gone through the § 922.07 procedures. This theory assumes that the issue of insanity *vel non* barring execution is dependent upon the governor's implementation of the statutory procedures of § 922.07.[2] This is not so. If Goode contended, on substantive due process and eighth amendment grounds, that he could not be executed because of post-conviction insanity, he was free to assert this contention in state and federal courts from the time that the state court sentenced him to death; thereby he could secure an orderly determination of his then current mental condition.

**1.** *Gray v. Lucas,* 710 F.2d 1048 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 211, 77 L.Ed.2d 1453 (1984).

**2.** There has been no authoritative determination of the standards for insanity that bar execution. *Gray v. Lucas, supra.*

Certainly he could have raised the issue when the governor signed his first execution warrant in 1982. Goode has made no such contention in his state merits appeal, in his state collateral attack on his conviction, or in his first federal habeas case.

If the substantive due process/eighth amendment issue of alleged insanity barring execution had been timely raised and determined in court, circumstances might thereafter have changed, and an updated determination of competency might thereafter have been made based on a showing of changed conditions. But this does not mean that post-conviction insanity could be held back as an issue until the eve of execution and then raised for the first time.

The motion for certificate of probable cause is DENIED. The motion for stay is DENIED.