PER CURIAM.
We have for review the trial court’s order summarily denying Gary Eldon Alvord’s Florida Rule of Criminal Procedure 3.850 motion for posteonviction relief. In his motion, Alvord contended that the judge and jury were improperly prevented from considering evidence in mitigation. We have jurisdiction. Art. V, § 3(b)(1), (7), Fla. Const. For the reasons expressed, we affirm the trial court’s order.
In 1974, Alvord was convicted and sentenced to death for three counts of first-degree murder. The facts at trial reflected that he broke into and burglarized a home and killed three women who were in the home. The facts of those murders are set forth in detail in Alvord v. State, 322 So.2d 533 (Fla.1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976)(AlvordI).
This case has a long history, which is outlined below to properly reflect the procedural posture of the appeal at issue. In 1978, Alvord filed his initial rule 3.850 motion, the denial of which was affirmed by this Court in Alvord v. State, 396 So.2d 184 (Fla.1981)(Alvord II). Thereafter, he filed a habeas petition in federal district court, which was granted. Alvord v. Wainwright, 564 F.Supp. 459 (M.D.Fla.1983)(Alvord III). That decision was reversed by the Eleventh Circuit Court of Appeals. Alvord v. Wain *705 wright, 725 F.2d 1282 (11th Cir,)(Alvord IV), cert. denied, 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). Subsequently, the Governor ordered a competency evaluation pursuant to section 922.07, Florida Statutes (1983). Alvord then filed a petition with this Court seeking to be evaluated separate from the procedures set forth in that statute. That petition was denied. Alvord v. State, 459 So.2d 316 (Fla.1984)(Alvord V). After our decision in Alvord V, Alvord was found to be incompetent by psychiatrists appointed by the Governor. The Governor then ordered that a future mental examination be conducted on September 29, 1987.
On April 22, 1987, the United States Supreme Court issued Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), holding that it is error for a judge to refuse to consider nonstatutory mitigating circumstances and to instruct a jury not to consider such evidence. Prior to the Hitchcock decision, Florida juries and judges had generally considered only statutory mitigating circumstances in death penalty proceedings. Post Hitchcock, this Court acknowledged that the United States Supreme Court’s decision constituted a substantial change in the law, which meant that a Hitchcock error could be raised for the first time in a postconviction relief proceeding even if otherwise procedurally barred. Thompson v. Dugger, 515 So.2d 173 (Fla.1987), cert. denied, 485 U.S. 960, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988); Demps v. Dugger, 514 So.2d 1092 (Fla.1987).
On September 24, 1987, Alvord filed a petition for writ of habeas corpus with this Court seeking a stay of the second mental examination ordered by the Governor, asserting Hitchcock error. On February 9, 1989, this Court denied relief. Alvord v. Dugger, 541 So.2d 598 (Fla.1989)(Alvord VI), cert. denied, 494 U.S. 1090, 110 S.Ct. 1834, 108 L.Ed.2d 963 (1990). In Alvord VI, this Court acknowledged that Hitchcock error had occurred, but found that error to be harmless.
One month after our decision in Alvord VI, this Court issued Hall v. State, 541 So.2d 1125 (Fla.1989), in which we stated that, to allow for an evidentiary hearing, a Hitchcock claim should be presented to the trial court as a rule 3.850 proceeding rather than as a habeas corpus petition. Thereafter, Alvord filed this rule 3.850 proceeding pursuant to Hall, again seeking relief under Hitchcock. In 1992, the trial court entered an order granting an evidentiary hearing to allow Al-vord to present nonstatutory mitigating evidence. Before an evidentiary hearing was held on this issue, Alvord amended his motion to include an additional claim unrelated to this appeal. After considering the amended motion and argument of counsel, the trial court reversed its earlier ruling by denying an evidentiary hearing and finding the Hitchcock claim to be procedurally barred. It is this final ruling that is the subject of this appeal.
Alvord contends that the trial judge erred in denying his rule 3.850 motion without holding an evidentiary hearing. He asserts that the procedural posture of this case is the same as that at issue in Hall and that an evidentiary hearing is necessary to allow him to present nonrecord, nonstatutory evidence that has never been considered by any court. Further, he argues that this Court’s decision in Alvord VI, in which we found the Hitchcock error to be harmless, does not preclude consideration of the instant claim because in that case we only considered evidence that was on the record. We disagree with these contentions because we find that the nonrec-ord, nonstatutory evidence Alvord has outlined in the motion at issue is very similar to that which we considered in his previously rejected habeas corpus petition.
In the habeas corpus petition we addressed in Alvord VI, Alvord contended that he was denied the opportunity to present nonstatutory mitigating evidence concerning, among other things, his capacity for rehabilitation; the history of mental illness within his family; his traumatic life experiences while involuntarily committed to mental institutions; and the fact he was a patient in mental institutions for twelve of the fourteen years preceding the murders in issue while undergoing treatment as a paranoid schizophrenic. In finding the Hitchcock error to be harmless, we first reiterated the statutory aggravating and mitigating circumstances *706 that were properly considered at the penalty phase proceeding and found to exist by the trial judge. Specifically, the trial judge found three aggravating circumstances (committed during the course of a felony, each of the murders was heinous, atrocious, or cruel, and great risk of bodily harm to more than one person), and two mitigating circumstances (at the time of the crime, Alvord was under the influence of extreme mental or emotional disturbance and his capacity to conform his conduct to the requirements of law was impaired). We also noted that much of the evidence in mitigation outlined in the habeas corpus petition had been presented to the judge and jury.[1] Finally, we concluded that the additional evidence in mitigation set forth in the petition was “clearly insufficient to change the sentencing decision, given the circumstances in this case.” Alvord VI, 541 So.2d at 600.
In his latest petition, Alvord argues that the judge and jury should have been allowed to consider that he had escaped from a mental hospital at the time of the crimes, was under an adjudication of insanity and incom-peteney at the time of the crimes, was schizophrenic, had a history of drug and alcohol abuse, suffered from severe emotional problems as a result of a deprived childhood, has continued incompetency due to his mental problems, has a capacity for rehabilitation, and has artistic talent. This asserted evidence in mitigation is comparable to that which we considered in Alvord VI. Further, much of this evidence is similar to that presented during the penalty phase proceeding or was specifically not presented at trial based on Alvord’s refusal to be examined by court-appointed psychiatrists.[2] Given that we previously found the Hitchcock error to be harmless based on very similar evidence, we must again reject Alvord’s request for a new penalty phase proceeding. Because we take the asserted evidence in mitigation as true in reaching this decision, we find that an evidentiary hearing would not alter our conclusion. This is especially true given that much of the evidence in mitigation goes to Alvord’s mental condition, which was specifically found to be a factor in mitigation. Moreover, we do not find that our decision in Hall mandates a contrary conclusion.
We did conclude in Hall that a previous finding of harmless error on a Hitchcock claim raised under a habeas corpus petition did not bar a subsequent review of a Hitchcock claim under a rule 3.850 motion. In so finding, however, we stated that the trial court’s express orders in Hall’s trial effectively precluded Hall’s counsel from investigating, developing, and presenting possible nonstatutory mitigating circumstances. We additionally concluded that Hall had raised “significant additional nonreeord facts” that were not considered in his habeas corpus proceeding. For instance, in his habeas petition, Hall contended that, had the following nonstatutory evidence been considered, he would have received life: (1) he was not the shooter; (2) he attempted to dissuade his accomplice from beating and killing the victim; (3) he took police to the body; (4) he had used alcohol and drugs; (5) he offered no resistance when arrested; and (6) the evidence against him was weak. We rejected this claim, finding that this evidence was presented to the jury and judge through Hall’s testimony; that the evidence was speculative at best; and, when balanced against *707 the evidence in aggravation, that Hall’s sentence would have been no different. In his subsequent rule 3.850 motion, Hall claimed that the Hitchcock error prevented his attorney from investigating and discovering evidence in mitigation that would have shown that he suffered from an extreme mental and emotional disturbance, suffered from organic brain dysfunction, and was illiterate. Unlike the situation at issue, the evidence raised in Hall’s rule 3.850 motion was substantially different from that raised in the habeas petition and it was this substantially different evidence that we found warranted a new penalty phase proceeding.
In conclusion, because we find that the evidence outlined in Alvord’s rule 3.850 motion is not substantially different from that which we considered and rejected as warranting a new penalty proceeding in Alvord VI, we find that the trial court properly denied his motion.
Accordingly, we affirm the trial court’s order summarily denying Alvord’s rule 3.850 motion.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., dissents with an opinion, in which KOGAN, C.J., concurs.

. During the penalty phase proceeding, one witness was called to testify, Dr. Ames Robey. Although Dr. Robey was called to testify on behalf of the State, he testified to factors in both aggravation and mitigation. As to statutory mitigation, Dr. Robey testified that Alvord was under extreme stress at the time he committed the murders and that his capacity to conform his conduct to the requirements of the law was impaired. On cross-examination by defense counsel, Dr. Robey was also allowed to testify that Alvord was confined to a series of mental institutions beginning at age thirteen, had escaped from the mental institutions on numerous occasions, was mentally ill, had a personality disorder with schizoid or paranoid features, had been rejected by his mother who was also mentally ill, and had problems starting as early as age seven.

. In Alvord II, we addressed the issue of whether Alvord’s counsel was ineffective for failing to claim insanity as a defense. We rejected that contention, finding that the record was replete with various pre-trial motions filed by defense counsel on this issue but that defense counsel had been precluded from presenting any evidence of insanity because Alvord had refused to communicate in any manner with the two psychiatrists appointed for that purpose.